CLEMSON AGRICULTURAL COLLEGE v. PICKENS.

1. NON-RESIDENT DEFENDANT—IRREGULARITIES—JURISDICTION.—On a motion by an absent defendant to vacate service of the summons and a sale made under decree of the court in the cause, the only irregularities that can be

considered are those which affect the jurisdiction of the court to make its decree of sale.

2. IBID.—IBID.—IBID.—In determining whether the Court of Common Pleas acquired jurisdiction of an absent defendant in an action of foreclosure, only such defects can be considered as are affirmatively shown by the record, and all necessary steps not shown to have been taken are cured by the recitals in the decree, which show that the defendant had been properly served by publication.

3. CORPORATE NAME.—In considering which of two papers was the real summons in an action, the court can not disregard the addition of the article "The" to the chartered name of the corporation plaintiff in one of those papers.

4. PUBLICATION OF SUMMONS—AFFIDAVIT.—An affidavit for obtaining publication of a summons is not insufficient for failing to state the venue, especially where the only defect is the omission of the word "County" in the caption. The affidavit in this case stated a cause of action.

5. IBID.—ORDER.—An order of publication of summons is not invalid in the absence of date and seal, and the "Brief" does not show that it was not entitled in this case.

6. IBID.—A summons as published is not invalid for failing to state when and where the complaint was filed, where summons and complaint were mailed to defendant and received by him.

7. ABSENT DEFENDANT—PROOF OF PAYMENTS.—If the court neglected to examine the plaintiff or his agent as to payments by the non-resident defendant, such omission does not seem to raise any jurisdictional question; but this court will assume that such examination was had, where the record does not show the contrary.

8. FORECLOSURE—OMISSIONS—JURISDICTION.—The omission of signature to the complaint and to file *lis pendens* do not affect the jurisdiction of the court.

9. ABSENT DEFENDANT—PERSONAL JUDGMENT.—Judgment affirmed without prejudice to defendant's right to move to set aside so much of the Circuit decree as directed a personal judgment against him.

Before WITHERSPOON, J., Anderson, February, 1894.

Action by Clemson Agricultural College of South Carolina against Samuel W. Pickens. Motion by defendant to set aside service and sale, Samuel McCrary, the purchaser, being a party to the proceeding by motion.

*Messrs. Tribble & Prince* and *R. W. Simpson,* for appellant.

*Messrs. E. B. Murray* and *J. E. Breazeale,* contra.

November 26, 1894. The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER. On the 9th of February, 1894, the appellant, Pickens, served upon the attorneys for the plaintiff and upon Samuel McCrary, who had become the purchaser at the sale hereinafter mentioned, a notice of a motion, together with the affidavits of said Pickens and R. W. Simpson, president of the board of trustees of "The Clemson Agricultural College of South Carolina," and a certificate of the master for Anderson County, copies of which are set out in the "Case," "to set aside the supposed service of the summons, order of reference, master's report, judgment of foreclosure, and sale of property thereunder," in the case of Clemson Agricultural College of South Carolina *v.* Samuel M. Pickens. This motion was heard by his honor, Judge Witherspoon, upon the papers thus served, together with the affidavits of H. H. Blease and G. P. Browne, copies of which are likewise set out in the "Case," on the 17th of February, 1894, who rendered his decree, in which he says: "While there are many irregularities patent upon the face of the proceedings, I think there is enough to show substantial compliance with the statute as to the service of non-residents, and with the order of Judge Wallace reciting the facts necessary to give jurisdiction, I must hold that the court had jurisdiction of the person of defendant and of the subject matter of the action." He, therefore, rendered judgment refusing the motion; and from such judgment, the defendant, Pickens, appeals upon the grounds set out in the record, which need not be set out here, as the only question in the case is whether the record in the case of Clemson Agricultural College of South Carolina *v.* Samuel M. Pickens, shows on its face that the court never acquired jurisdiction of the person of the defendant in that case, in which the judgment, as well as the proceedings thereunder, is impeached; for while there are many other irregularities disclosed by that record, they cannot affect the question which we are called upon to determine, except in so far as they show that the defendant would have had a good and valid defence, if he had been allowed the opportunity to present the same, by being properly made a party to that action.

33—42

From that record, as set out in the "Case," it appears that in a case entitled Clemson Agricultural College of South Carolina *v.* Samuel M. Pickens, a summons was filed in the clerk's office in Anderson County on the 9th of February, 1893, and lodged on the same day with the sheriff of that county, addressed to Samuel M. Pickens, calling upon him "to answer the complaint in this action, of which a copy is herewith served upon you." Upon this summons the sheriff endorsed the following return, dated 18th April, 1893: "The defendant is *non est inventus* in my county, but am informed now resides in Elberton, Georgia."

Next we find a paper purporting to be a complaint in said action, but not signed by either plaintiff or its attorney, filed in the office of said clerk on the 9th of February, 1893, for the foreclosure of a mortgage of certain real estate in Anderson County, executed by defendant to one Thomas G. Clemson, on the 20th of December, 1887, and given to secure the payment of a note made to said Clemson by the defendant, on the 20th September, 1887, and payable on the 1st December, 1888, for the sum of one thousand dollars. This so-called complaint alleges that said Clemson, by his last will and testament, duly admitted to probate, devised and bequeathed all his real and personal estate, including said note and mortgage, to the State of South Carolina, for the purpose of establishing an agricultural college; that the State duly accepted said devise and bequest, and duly complied with the conditions thereof, by the act of 27th December, 1889, "whereby said State became the owner of the within named note and mortgage, which by said act was vested in the plaintiffs as herein mentioned;" that by said act the trustees of said college were incorporated as a body politic and corporate, under the name and style of the "Clemson Agricultural College of South Carolina," with power to sue and be sued; and the prayer was for a sale of the mortgaged premises, application of proceeds to the payment of said debt, and that execution be awarded against defendant for any deficiency. This complaint purports to be verified by the affidavit of W. T. C. Bates, described as "plaintiff in this action."

We also find the following endorsement on the summons

above mentioned: "Sheriff's Certificate of Service. Clemson Agricultural College of South Carolina, plaintiff, *v.* Samuel M. Pickens, defendant. State of South Carolina, County of Anderson. I hereby certify that on the 20th day of April, A. D. 1893, at Anderson C. H., S. C., I deposited in the post office, directed to Samuel M. Pickens, defendant above named, at Elberton, Ga., a copy of the summons and complaint in this action, and prepaid the postage thereon in full. Sworn to before me this 20th day of April, 1893. Jno. C. Watkins, C. C. P and G. S. (Signed) M. B. Gaines, sheriff of Anderson County."

We next find the following statement made in the "Case:" "In the clerk's office among the papers is a paper, not attached to any other paper, of which the following is a copy: 'South Carolina, Richland. Personally appeared W. T. C. Bates, who being duly sworn, deposes and says: that he is the State Treasurer of the State of South Carolina, and that as such treasurer he is in charge of the evidence of indebtedness now claimed by the Clemson Agricultural College of South Carolina from Samuel M. Pickens, which said evidence of indebtedness came through a bequest of the late Thomas G. Clemson, deceased, to the State of South Carolina, for certain purposes in said will of Thomas G. Clemson more particularly mentioned; that a cause of action exists against the said Samuel M. Pickens in favor of said Clemson Agricultural College of South Carolina, and that the same is now due, as upon a reading of the complaint in the action will more fully appear; that the action is brought for the foreclosure of a mortgage and for judgment for the amount due and costs, the barring of the equity of redemption, and the sale of the premises; that he is informed, and verily believes, the said Samuel M. Pickens has left the said State, and his residence cannot with due diligence be found by your deponent nor ascertained by him, and is not known by him, but is informed that he is in Elberton, Georgia. Wherefore, deponent prays that an order may be made, directing the service of the summons by publication in a newspaper, as in the opinion of the clerk would be most likely to give him notice, once a week for six weeks.'" This affidavit was sworn to in the usual form on the 17th of April, 1893.

It is further stated in the "Case," that "on the same sheet of paper, but without any statement of a case pending in any court, appears the following: 'South Carolina, Anderson Co. It appearing to me that a cause of action exists against the defendant, Samuel M. Pickens, in favor of the Clemson Agricultural College of South Carolina, and that his residence, with reasonable diligence, cannot be found and is unknown, but believed to be in Elberton, Ga., and the proper showing having been made, and being satisfied by the allegations of the fact, I do, on motion of D. A. Townsend, attorney general, for the plaintiff in said cause, order that the service of the summons be made upon the said Samuel M. Pickens by due advertisement and publication of the summons in the People's Advocate, a weekly newspaper published in the town of Anderson, for the term of six weeks, being inserted once a week for the time mentioned, and a copy of the summons and complaint be mailed to his address at Elberton, Georgia. (Signed) Jno. C. Watkins, clerk of court, Anderson Co.,' without a seal or a date, but on the back thereof the following endorsement appears: 'Recorded in the Minute Book No. 8, page 139, this the 21st day of June, 1893, and certified to.' (Signed) Jno. C. Watkins, C. C. C. P."

There also appears among the papers another summons, entitled as follows: "State of South Carolina, County of Anderson, Court of Common Pleas. The Clemson Agricultural College of South Carolina, plaintiff, v. Samuel M. Pickens, defendant. Summons for relief. (Complaint filed)," which is addressed to the said Samuel M. Pickens, calling upon him "to answer the complaint in this action, which has this day been filed in the office of the clerk of court for Anderson County," and bearing date the 18th of April, 1893. It is further stated in the "Case,'" that "There is no complaint and summons filed in the office of the clerk of the Court of Common Pleas for Anderson County in said case other than the summons and complaint filed February 9th, 1893, on which the affidavit of the sheriff is made. There was no notice of the pendency of said action filed in said cause."

Upon this record, of which we have made a full statement, the case came before his honor, Judge Wallace, at the October

Term for 1893, who, on the 2d of November, 1893, granted an order in a case entitled "Clemson Agricultural College of South Carolina, plaintiff, *v.* Samuel M. Pickens, defendant. Complaint for foreclosure real property," which order is as follows: "On hearing the pleadings in this case, and the proof of service of defendant by publication of the summons and affidavit, of mailing a copy of the summons and complaint to the defendant at Elberton, Ga., his place of residence, and it appearing by affidavit that no answer or demurrer has been served upon the plaintiff's attorneys, it is ordered, that it be referred to the master to compute the interest on plaintiff's demand, and to report the amount due thereon, with leave to report any special matter." Then follows the report of the master, filed 2d November, 1893, ascertaining the amount due on the mortgage debt, upon which judgment of foreclosure and sale, in the usual form, was rendered on the same day. Under this judgment the land was sold on salesday in December, 1893, and bid off by defendant McCrary for the sum of $300, and he, having complied with the terms of the sale, has received titles from the master, and has gone into possession of the land.

Our inquiry is whether this record shows on its face that the court never acquired jurisdiction of the person of the absent defendant, Pickens, for if it does, then the whole proceeding is void; but if this record only fails to show that certain steps necessary to be taken, in order to acquire jurisdiction, were taken, then such defect will be cured by the recitals in the order of 2d November, 1893, set out above.

Section 156 of the Code prescribes the mode in which a nonresident of this State, who has property therein, may be made a party to an action, where the court has jurisdiction of the subject of the action. This mode is comprehensively called "service by publication," and that section of the Code proceeds to declare how such service may be legally made. Without quoting all of the provisions of the section referred to, it will be sufficient to say that the following are the requisites for such service, at least so far as the facts disclosed by the record in this case render it necessary to state such requisites: 1st. It must be made to appear by affidavit to the satisfaction of the

clerk that the person to be served cannot, after due diligence, be found within the State. 2d. That a cause of action exists against the defendant, in respect to whom the service is to be made. When these facts are thus made to appear, then the clerk may grant an order that the service be made by publication of the summons. Then the section proceeds to prescribe how such order of publication shall be made, as follows: 1st. The order shall direct the publication to be made in one newspaper, to be designated by the clerk as most likely to give notice to the person to be served, for such a length of time as may be deemed reasonable, not less than once a week for six weeks. 2d. The order shall also direct a copy of the summons to be forthwith deposited in the post office, directed to the person to be served at his place of residence, unless it appear that such residence is neither known to the party nor can by reasonable diligence be discovered. 3d. Where publication is made, the complaint must be first filed, and the summons, as published, must state the time and place of such filing.

Now, as it is conceded that the defendant is, and was at the time of the commencement of this action, a non-resident of this State, and as it is manifest that such defendant owned real property in this State, which was the subject of the action, of which the court could take jurisdiction, so soon as it has acquired jurisdiction of the person of the defendant by proper service by publication, the practical inquiry is whether the record, as set forth in the "Case," shows on its face that the court did not acquire jurisdiction of the person of defendant, and not whether such record is defective in showing that all of the steps necessary to acquire jurisdiction had been taken; for, as we have said, if there are any such defects in the record, the recitals in Judge Wallace's order of the 2d of November, 1893, must be regarded as supplying such defects. Those recitals must be considered sufficient to show that Judge Wallace had before him at the time he granted that order satisfactory evidence of the publication of the summons according to law, and of the mailing of copies of the summons and complaint to the defendant at his place of residence in the State of Georgia, for otherwise he could not have granted the order. For example,

in the record as set out in the "Case," we find no evidence, by affidavit or otherwise, that the summons was in fact published in the People's Advocate once a week for six weeks, and yet we must presume that Judge Wallace had before him evidence sufficient to satisfy him of that fact; and this presumption is aided by the affidavits of Blease and Browne, submitted at the hearing of this motion, to the effect that prior to the October term, 1893 (the term at which Judge Wallace's order was made), the publisher of the People's Advocate had made an affidavit that the summons had been published for the requisite time. The proper inference would be that Judge Wallace had this affidavit before him, and the same was subsequently lost.

Recurring, then, to the inquiry whether the record as set out in the "Case" shows, affirmatively, that any of the steps requisite to secure a service by publication were omitted, we are constrained to say that we do not think so. While the record does disclose many irregularities, they are nothing but irregularities, and are not fatal to the jurisdiction. It seems to be assumed, in the argument of counsel, that the summons, found among the papers (how it got there is not explained), bearing date 18th April, 1893, was the summons which was in fact published. But we find in the record no evidence whatever upon which to base such assumption. On the contrary, as it seems to us, all the evidence furnished by the record indicates that the summons which was in fact published, was the summons bearing date 5th of February, 1893, and filed with the complaint on the 9th February, 1893. That summons bears the endorsement of the return of the sheriff of *non est inventus*, and also the endorsement of the mailing of "a copy of the summons and complaint *in this action*," which is entitled "Clemson Agricultural College of South Carolina" *v.* Samuel M. Pickens, while the summons dated 18th April, 1893, is entitled in the name of a different plaintiff, "*The* Clemson Agricultural College of South Carolina," was never lodged in the sheriff's office, nor was it ever filed in the clerk's office, so far as appears. It is true that the difference in the name of the plaintiff is very slight, only the addition of the word "The," yet as a corporation can only be recognized in law by the name

assigned to it by its charter, we do not see by what authority a court could disregard the name which the legislature has seen fit to assign to a corporation. Certainly the appellant can make no objection to the court observing this slight difference in the name, as he makes a point on it in his argument here. But as there is no foundation for the assumption that the summons bearing date 18th April, 1893, was the summons actually published, all of appellant's argument based upon that assumption becomes inapplicable.

It is contended that the affidavit of W. T. C. Bates, upon which the order of publication was asked for, shows on its face that it was insufficient: 1st. Because it is without venue. 2d. Because it fails to state facts showing that the court had jurisdiction of the subject matter of the action. As to the matter of venue, we do not think the objection can be sustained. While it is true that there are cases in which a venue has been held essential to the validity of an affidavit, there are other cases which hold the contrary (see I. Am. & Eng. Enc. L., 311), and we are disposed to follow the latter, especially in a case like this, where the only defect is in the omission of the word "County" after the word "Richland." The other objection is met by the reference to the complaint in the affidavit, the allegations of which are amply sufficient to show that the court had jurisdiction of the subject of the action.

Again, it is objected that the order of publication is without either date or seal, and is not entitled in any case. We know of no law which renders either a date or a seal essential to the validity of such an order, and as to the objection based upon the want of a title in any case, it is sufficient to say that we find it as a part of the record in this case, and so set forth in the "Case." In regard to the objection that the summons filed 9th February, 1893, does not state when and where the complaint was filed, as required by section 156 of the Code, it seems to us that this requirement is only for the purpose of informing the absent defendant where he can find a more detailed statement of the claim made against him than is furnished by the summons; and, therefore, where, as in this case, the defendant was furnished with a copy of the

complaint as well as the summons, there can be no possible reason for insisting upon a compliance with such requirement. Especially is this so, where, as in the present case, there is good reason to believe that the defendant actually received a copy of the complaint; for it will be observed that while the defendant, in his affidavit submitted in support of this motion, does deny that he ever received a copy of the summons dated 18th April, 1893, he does not deny receiving a copy of the summons and complaint, filed 9th February, 1893, mailed him by the sheriff.

Again, it is contended that the record fails to show that the court required the plaintiff or his agent to be examined under oath touching any payments that may have been made to the plaintiff or to any one for his use, as required by section 267 of the Code, and Rule 52 of the Circuit Court, but simply referred it to the clerk to compute the interest on plaintiff's demand and report the amount due thereon. In the first place, we think it very questionable whether this objection presents a jurisdictional question. But, in the second place, this, at most, is a mere omission, and does not affirmatively show any jurisdictional error; for, from all that appears, it may be that the judge did require the agent of the plaintiff to be examined before the court touching any payments that may have been made, and then referred it to the clerk simply to compute the interest, and in the absence of any evidence to the contrary, we are bound to assume that he did what his duty required him to do. As to the omission to sign the complaint, and to file notice of the pendency of the action, as well as all other objections not specifically noticed, we do not think they can avail the appellant in a proceeding of this kind.

In the view which we have taken of the case, the question raised by the counsel for the purchaser, as to whether his title could be set aside under a motion, or whether an action is not necessary, does not arise, and has not, therefore, been considered. Nor have we considered the question, which has not been argued, whether the appellant has the right to set aside so much of the judgment as purports to authorize the plaintiff to issue execution against the appellant personally for any

balance which is left unpaid by the proceeds of the sale of the mortgaged premises.

The judgment of this court is, that the order appealed from be affirmed, without prejudice to the right of the appellant, if he shall be so advised, to demand that he be relieved from so much of the judgment as is a personal judgment against him for the deficiency.