## COUNTS v. WILSON.

1. SECONDARY EVIDENCE — PRESUMPTION—WILL—ORDINARY.—The admission of secondary evidence of the contents of a lost will is a preliminary question, and when an *ordinary* has received a will, and permitted certain persons to make returns as executors, and to do other acts under the will, indicating that it had been probated, probate will be presumed.

2. IBID.—WILL—JURY.—The paper offered as a copy of the lost will was properly admitted in this case, and the question of its genuineness properly submitted to the jury.

3. EJECTMENT—CHARGE—WILL.—In ejectment, where no objection is urged to the sufficiency of the language of a devise under which the plaintiff claims, it is proper to charge that if the jury believe that the land in dispute is the land described in the will, and that the will is a true copy of the lost will, they will find for the plaintiff.

Before EARLE, J., Lexington, February, 1895. Affirmed.

Action by Mary J. Counts, by her guardian *ad litem*, against Willis M. Wilson, in ejectment. Judgment for plaintiff. Defendant appeals.

*Messrs. Meetze & Muller* and *Lyles & Muller*, for appellant.

*Messrs. Ragsdale & Ragsdale* and *C. M. Efird*, contra.

Feb. 21, 1896. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for the recovery of a small lot of land in the town of Peake, S. C. The plaintiff claims under a devise in the last will and testament of Adam Stoudmire, who died about the year 1864. Testimony was introduced to show that the said will was destroyed by fire, in the year 1865, when the court house at Lexington was burned. The plaintiff offered in evidence what she claimed was a copy of said will, which is now on file in the office of the judge of probate for Lexington County, but which was rejected. No certificate was attached to this alleged copy. A copy which belonged to one of the executors, now deceased, and at this time in the possession of the surviving executor, was also offered by the plaintiff, and was admitted in evidence.

The exceptions of the appellants are as follows:

"1. Because his Honor allowed the witness, J. W. Stoudmire, to testify as to the contents of the alleged will of Adam Stoudmire, without sufficient proof as to the probate and loss of said will.

"2. Because his Honor admitted the alleged copy of the will of Adam Stoudmire in evidence, without sufficient proof that it was a correct copy of said will, and without sufficient proof of the probate and loss or destruction of the original will.

"3. Because his Honor instructed the jury to the effect, that if they believed the testimony offered by the plaintiff

as to the execution and probate of the alleged will of Adam Stoudmire, and as to its loss, and that the paper offered in evidence was a copy thereof, they should find for the plaintiff the possession of the land in dispute, basing his ruling as to the sufficiency of plaintiff's title upon the alleged copy of the will of Adam Stoudmire, which had been admitted in evidence."

The first exception complains of error on the part of the presiding Judge, in allowing the witness, J. W. Stoudmire, to testify as to the contents of the alleged will of Adam Stoudmire, "without sufficient proof as to the probate or loss of said will." This only involves a preliminary question, and the testimony of the witness, J. W. Stoudmire, shows that the presiding Judge did not abuse his discretion in receiving such testimony. Furthermore, the ordinary is presumed to have done his duty, and to have received proof of the will, before allowing the executors to make returns and to do various other acts thereunder, which he had not the right to do until after the will had been probated. The executors placed the will in the hands of the ordinary, made returns, and did various other acts under the will, indicating that it had been probated. The probate of the will does not consist alone of the judgment of the ordinary allowing it. In the matter of Thomas Drayton's Will, 4th McCord, 51, the Court says: "In England, from whence this rule is derived, the probate of the will in the common form consists of the oath of the executor, that the paper propounded is the true last will and testament of the deceased, and that he will truly perform it by paying, first, the testator's debts, then legacies, &c. The original is then deposited in the registry of the ordinary, and a copy thereof is made out under his seal and delivered to the executor, with a certificate of its having been proved before him, and such copy and certificate is styled the probate. Without regard to the formula of making and delivering a copy of the will and the certificate, it will be seen that three things are necessary to the

completion of the probate—1st, proof of the genuineness of the will by the oath of the executor; 2d, his acceptance of the trust; and 3d, the sanction or grant of the ordinary allowing it; and that all these are necessary to probate, within the meaning of the rule, will be seen by Tollers' Law of Executors, 49."

The second exception complains of error, on the part of the presiding Judge, in admitting the alleged copy of the will of Adam Stoudmire in evidence, without sufficient proof that it was a correct copy of said will, and without sufficient proof of the probate and loss of the original will. This also involved only a preliminary question. The facts brought out in the testimony satisfy us that there is no abuse of discretion on the part of the presiding Judge in admitting such testimony. His Honor left it to the jury to say whether the paper was a correct copy of the will of Adam Stoudmire, and also whether it had been probated.

We come next to the consideration of appellant's third exception. His Honor charged the jury: "I can only say to you, gentlemen, if you find that to be a true copy of the will of the gandfather of the plaintiff, and that she is the daughter of Adam L. Stoudmire, and that is the land that was referred to in the will, then your verdict will be for the plaintiff." It does not seem that the defendant made any question as to the sufficiency of the words of the will to create the devise of the land in dispute. We see no error on the part of the presiding Judge in his charge to the jury just mentioned. This exception must also be overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.