## ALLMEROTH, Respondent, v. BERTRAM CADY COMPANY, Appellant.

### St. Louis Court of Appeals, November 3, 1903.

**Practice:** COURT RULE: BREACH OF ORAL STIPULATIONS. A rule of the circuit court requiring all agreements between the parties or their attorneys concerning a pending case to be in writing and filed in such case, before such agreement will be recognized or enforced by the court, is not intended to shield a guilty party to an oral contract, made in good faith, and does not apply where the opposing party has acted and relied on such oral contract or representation.

Appeal from St. Louis City Circuit Court.—*Hon. S. P. Spencer,* Judge.

REVERSED AND REMANDED.

*David Goldsmith* for appellant.

REYBURN, J.—On the twenty-fourth day of January, 1902, plaintiff recovered before a justice of the peace against defendant, a judgment which was affirmed by the circuit court of the city of St. Louis, November

12, 1902, for failure by defendant to prosecute its appeal. It appears that defendant's counsel did not appear at the first call of the case on November 12th at ten o'clock a. m., being in attendance before a justice of the peace at that hour, but appearing in the circuit court at about twenty minutes thereafter. During the absence of defendant's counsel the cause had been called, plaintiff appearing in court in person saying he had no counsel and was financially unable to employ counsel, and the judgment was affirmed.

Defendant on the day following filed a motion to set aside the affirmance of the judgment, together with the affidavit of its attorney in support thereof. Alike in the motion to set aside the affirmance, and his affidavit in support thereof, defendant's counsel set forth, that the judgment was in violation of an oral agreement had between him and plaintiff, for the dismissal of the cause; that on the eleventh of November, 1902, the plaintiff had called upon counsel at the latter's office, and informed him that his attorney intended to withdraw and that he (plaintiff) did not intend further to prosecute the action.

The trial court refused to disturb the judgment of affirmance and defendant appealed to this court. By the memorandum of the lower court, incorporated in the bill of exceptions as handed down in overruling defendant's motion, such ruling was sought to be sustained by rule 17, of the rules of practice of said circuit court, to the effect following: "No agreement or stipulation of the parties or their attorneys concerning a pending case or any proceeding therein will be recognized or enforced by the court unless made in writing and filed in such case or made in open court." In the absence of any counter affidavit the parol agreement to dismiss the case stands conceded by the plaintiff, and if the court below had been advised of its existence judgment would not have been entered, and the court was imposed upon in granting the affirmance. Such rule of the court is

not intended to shield a party guilty of such a breach of good faith and has been held not to apply where the opposing party has acted and relied upon such oral stipulation or representation.   Johnson v. Sweeney, 95 Cal. 304; People v. Stephens, 52 N. Y. 306.

The judgment will therefore be reversed and the cause remanded.   *Bland, P. J.,* and *Goode, J.,* concur.