6797

## EX PARTE PEARSON.

1. A GUARDIAN AD LITEM improperly appointed by a clerk of court upon petition of the mother in case in which she is plaintiff and there is no conflict of interest, may be cured by confirmation of appointment by Circuit Judge.

2. OPENING JUDGMENT—JURISDICTION—GUARDIAN AD LITEM—PAROL EVIDENCE.—That a cause is on docket at a term of court at which a particular judge presided, and a decree is afterwards filed by him therein, is presumptive that that judge heard the case according to law. That there appears in the record a consent to hear the case at chambers, signed by all the parties except the guardian *ad litem,* that case (for partition) is marked "continued" on the docket and clerk's journal or docket show no memoranda of case having been heard, will not overcome the presumption. The parol evidence in this case does not strengthen the rebuttal of the presumption.

3. IBID.—CHAMBERS—IBID.—Consent to try a case at chambers by guardian *ad litem* must not necessarily be in writing, especially where the agreement has been actually carried into effect by the trial.

4. RULE XIV OF CIRCUIT COURT does not apply where an agreement is admitted or has been carried into effect.

Before MEMMINGER, J., Marlboro, May, 1907. Affirmed.

Petition of John F. Pearson, James Pearson, Annie May Pearson *et al.* against John L. Breeden in case of Ann E. Pearson, as administratrix of Charles T. Pearson, against Alexander C. Pearson *et al.,* to set aside judgment. From order refusing motion, petitioners appeal.

*Messrs. Knox Livingston, Stevenson, Matheson & Stevenson,* for appellants. The latter cite: *Appointment of guardian ad litem was irregular:* Buchanan's Code, 136; 17 S. C., 439; 23 S. C., 189, 166; 61 S. C., 577; 25 S. C., 282; 71 S. C., 17. *Can the record be contradicted by parol testimony?* 24 Ency., 194; 41 S. C., 1; 19 S. C., 506, 253; 91 S. W., 689. *Did Court have jurisdiction of subject at chambers?* 14 Stat. 146; 27 S. C., 374; 45 S. C., 10; *Hardin* v.

*Frimmier,* 30 S. C., 4; Wait. Prac., 336; 1 Wait. Prac., 549; 2 Hill Ch., 580; McM. Eq., 190; 11 Rich., 576. *John and Nancy held the land as tenants by entirety:* 39 S. C., 275; 38 S. C., 39; 4 Kent., 136; 2 Kent., 132. *As to the construction of the deed to Charles and the heirs of his body and dying without children over:* 37 S. C., 265; Strob., 133; 4 Des., 660; 4 Kent., 220-1; 1 Rich. Eq., 141; 25 S. C., 291; 36 S. C., 366.

*Messrs. J. H. Hudson, C. P. Townsend, McColl & McColl* and *Edward McIver,* contra. *Mr. Townsend* cites: *Vacating a judgment is a matter of discretion:* 17 S. C., 454; 19 S. C., 557; 34 S. C., 11; 21 S. E. R., 270; 25 S. C., 405; 18 Ency., 108; 1 S. E. R., 180; 9 S. E. R., 220; 31 S. E. R., 913. *Confirmation of irregular appointment of guardian ad litem cured defect: Middleton v. Stokes,* 71 S. C.; 56 S. C., 96; 23 S. C., 166. *Presumption is Court had jurisdiction:* 14 S. E. R., 204; 17 Ency., 1075; 33 S. E. R., 204; 5 Ency., 814; 3 Ency., 68. *As to the construction of the deed:* 67 S. C., 133, 309; 1 Rich. Eq., 411; 65 S. C., 345; 52 S. C., 554; Bail. Eq., 48; Bail. L., 231. *Deed being fee conditional land was assets for debts:* Bail. Eq., 228; 17 S. C., 550.

March 13, 1908. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This appeal is from an order refusing to open and set aside a decree of Judge Cothran of 5th November, 1886, and the judicial sale of a tract of land made thereunder.

The following agreed statement of facts appears in the record: "In 1857, John Adams and others conveyed the lands involved herein to John Pearson and his wife, Nancy Pearson, who in turn, in 1870, conveyed to Charles T. Pearson. Nancy Pearson failed to affix her seal to the deed, and after her death, John Pearson, her husband, and her other

heirs-at-law, joined in another deed conveying the promises to Charles T. Pearson. Thereafter, Charles T. Pearson died in 1883, and his estate being insolvent, his widow on December 13, 1884, brought an action to marshal assets and wind up the estate. In this proceeding it became necessary to determine what estate Charles T. Pearson held in these lands, and his Honor, Judge Cothran, by decree dated November 5, 1886, construed the deed as giving the lands in fee conditional in part, and in fee simple in part, to Charles T. Pearson and held them subject to his debts, and decreed them to be sold in aid of assets. At the sale James B. Breeden, a mortgage creditor, bought the premises in question for $2,680, and this sale was reported to the Court and confirmed on April 21, 1887, and thereafter upon the death of James B. Breeden, under the provisions of his will, title to this property vested in his brother, W. K. Breeden, who on the 29th day of December, A. D. 1891, conveyed the same to John L. Breden, respondent in this motion. Thereafter, that is on the 25th day of March, A. D. 1903, a suit on the equity side of the Court of Common Pleas for Marlboro County was instituted by Lucy Charles Pearson, by her guardian *ad litem,* against the other heirs-at-law of Charles T. Pearson and John L. Breeden as party in possession, for partition of this tract of land. John L. Breeden in his answer set up exclusive title in himself under the sale of the estate of C. T. Pearson and the chain of conveyance above set forth, and also, by way of plea in bar, the proceedings, judgment and sale of this land in the suit to marshall the assets of the estate of Charles T. Pearson; and pending this suit, to wit, on 30th May, A. D. 1905, the infant defendants, having become of age, made a motion to open the judgment and set aside the sale, alleging the Court was without jurisdiction to render the above decree on the grounds: *first,* that the proceeding was heard outside the county and at chambers, contrary to law; *second,* that the guardian *ad litem of* the infant defendants was appointed by the clerk of the Court, which appointment the clerk had no power to

make; *third,* that they were injured and deprived of their rights in the above proceedings in that the deed above construed to give a fee conditional to Charles T. Pearson gave him only a life estate and they are now entitled to the fee in remainder; and that the premises were sold far below their real value."

Judge Memminger refused the motion in a formal order. From the order refusing this motion the defendants, John F. Pearson, James Pearson, Annie May Pearson and Lucy Pearson, now appeal to this Court.

The questions first to be determined are: (1) Was a guardian *ad litem* appointed for the infant defendants in accordance with law, and (2) did Judge Cothran have jurisdiction to hear and determine the cause when he undertook to do so.

The infant defendants were properly served and the appointment of a guardian *ad litem* was made on the petition of their mother with whom they resided. It is true their mother was plaintiff in the cause and the children were defendants, but an inspection of the complaint shows that, so far from there being any conflict of interest, the mother was really alleging the land to be the property of the children and not subject to the debts of her husband. The original appointment of T. I. Rogers as guardian *ad litem* under this service of the infants and petition of the mother was improperly made by the clerk, who was not authorized by law to make the appointment, but on 6th of May, 1885, before the cause was heard, Judge Hudson made an order confirming the appointment. This confirmation of an irregular appointment was equivalent to an appointment by Judge Hudson under the petition of Mrs. Pearson. There was, therefore, no defect whatever in the appointment of the guardian *ad litem.*

The jurisdictional question is less simple but it may be made equally clear. The contentions of respondent are (1) that the cause was heard in open court at Bennettsville by

the Court of Common Pleas for Marlboro County, and (2) that if it be considered heard at chambers in Darlington, as appellants contend, that it was so heard by all parties, including the guardian *ad litem*. Since the cause was on the docket of the Court of Common Pleas for Marlboro County at the September 1886 term, and Judge Cothran, who presided at that term, afterwards filed a decree therein, the legal presumption is that there was a hearing according to law, resulting in the decree. *Counts* v. *Wilson*, 45 S. C., 571, 23 S. E., 942; *Clemson* v. *Pickens*, 42 S. C., 512, 20 S. E., 401; *Chafee* v. *Postal Co.*, 35 S. C., 372, 14 S. E., 764; *Harvey* v. *Tyler*, 2 Wall., 328, 17 L. Ed., 871.

The principle is thus set forth in *Vorhees* v. *Jackson*, 10 Peters, 449, 9 L. Ed., 447, 471: "There is no principle of law better settled than that every act of a court of competent jurisdiction shall be presumed to have been rightly done, until the contrary appears; this rule applies as well to every judgment or decree rendered in the various stages of their proceedings, from their initiation to their completion, as to their adjudication that the plaintiff has a right of action. Every matter adjudicated becomes a part of their record, which thenceforth proves itself without referring to the evidence on which it has been adjudged." In his work on judgments, page 329, Black formulates the rule thus: "The judgment of a domestic court having general and superior jurisdiction, is always to be presumed regular and valid and founded upon jurisdiction properly and duly acquired, until the contrary is definitely made to appear in some permissible manner."

To rebut this presumption the appellants rely on the docket of the Court and the journal of the clerk, on both of which appears as to this cause only the entry "continued," without any reference to a hearing, and on an agreement found in the judgment roll that the cause might be heard at chambers, signed by the attorneys for all the adult parties but not by Mr. Rogers, the guardian *ad litem*. Inasmuch as importance was attached to this paper, it is set out in full: "We,

the undersigned attorneys representing all the parties in the above stated case hereby consent that the above stated case may be heard at chambers by his Honor, Judge Cothran, and any decree necessary may be made by him, and that the case was called at the regular term of the Court of Marlboro County in September last and was left open subject to be heard if all the attorneys consented. 23d October, 1886."

The remark "continued" does not imply the case was not heard, because if it had been heard and the decree of sale then and there made a continuance would have been necessary nevertheless, for it would have remained for the Court to consider and pass upon the clerk's report of the sale at some future term. The mere absence from the docket and from the clerk's journal of any memorandum of the hearing is not such evidence that the case was not in fact heard as would be sufficient to rebut the presumption that the decree was made after a regular trial of the cause. The presumption is that the trial and all other proceedings leading up to a decree was had according to law without the record affirmatively showing the irregularity of procedure. To sustain an attack on the jurisdiction of a court of general jurisdiction or on the legality of its proceedings, it is the lack of jurisdiction or illegal action of the Court that must appear affirmatively from the record. *Clemson* v. *Pickens, supra; Harvey* v. *Tyler, supra; Vorhees* v. *Jackson, supra.*

The fact that an agreement to try the cause at chambers was found among the papers in the judgment roll, signed by all the counsel except the guardian *ad litem,* does not tend to show that the cause was actually heard at chambers. The presumption is that a Circuit Judge does his duty and, therefore, in this case, it is to be presumed Judge Cothran would have refused to hear the case, except in open court, without the consent of the guardian *ad litem* and all the other parties. Judging the issue here made by the record and disregarding all other evidence, the appellants have failed to show the cause was heard at chambers and not in open court.

The appellant's case is not strengthened even if the parol evidence is considered. The affidavit of Mr. McColl, one of the counsel for the plaintiff, mother of appellants, was to the effect that the cause was called in open court, the pleadings read and extended argument made by Judge Townsend on behalf of creditors in support of the construction of the deeds which would give the debtor, Pearson, such a title as would enable the Court to order the land sold for the payment of his debts; that Mr. T. I. Rogers, an attorney of the Court, who was guardian *ad litem*, at the conclusion of Judge Townsend's argument asked for and obtained further time to submit his argument; that the next day, the Court unexpectedly adjourned without hearing the argument of Mr. Rogers. In his affidavit Mr. McColl says he has no recollection as to the agreement to hear the cause at chambers. Judge Townsend's affidavit does not vary from Mr. McColl's, except that it therein stated the agreement for the hearing at chambers was drawn by him and the failure of Mr. Rogers to sign in pursuance of a verbal agreement was due to inadvertance. The affidavit of Mr. McLaurin, Judge Townsend's associate counsel, is to the same effect except that it makes no reference to the written agreement for a hearing at chambers. The affidavit of Mr. Rogers, the guardian *ad litem*, was that he had no recollection of being in the courthouse when the case was called; that during the sitting of the Court or soon after it adjourned, at the instance of some counsel in the cause, he agreed to go to Darlington and argue the case in behalf of the infant defendants, and, subsequently did go to Darlington and argue the construction of the deeds before Judge Cothran.

If the recollection of Messrs. Townsend and McLaurin is taken as a correct statement of the facts, it is manifest the case must be regarded heard in open court in Bennettsville, with the privilege allowed as a matter of grace to the guardian *ad litem* to submit further argument at chambers. *Lorick* v. *Motley*, 69 S. C., 567, 48 S. E., 614. But if these affidavits be excluded, and consideration

be given only to the recollection of Mr. Rogers in the matter, as stated in his affidavit, there is still no adequate ground to set aside the judgment. From this affidavit it clearly appears that Mr. Rogers, as guardian *ad litem,* not only consented to hear the cause at chambers at Darlington, but in pursuance of his consent went forward and participated in the hearing. Neither Section 144 of Code of Procedure, which allows the trial out of the court where the cause is situated by consent of the parties, nor Section 2736 of Civil Code, which allows the trial at chambers by consent of the parties, requires the consent to be in writing. But Rule 14 of the Circuit Court provides: "No agreement or consent between the parties, or their attorneys, in respect to the proceedings in a cause shall be binding, unless the same shall have been reduced to the form of an order by consent and entered; or unless the evidence shall be in writing, subscribed by the party against whom same shall be alleged, or by his attorney or counsel; or unless made in open court and noted by the presiding judge or the stenographer on his minutes by the direction of the presiding judge." Under this rule the Court will not hold a party or his counsel bound to do or abstain from doing anything in pursuance of an agreement not shown to have been made in accordance with the rule. But that is a very different thing from uprooting a judgment which has resulted from an unwritten agreement to try a case at chambers, when the agreement was actually carried into effect by the trial. As to this consent to try the cause at chambers the statute gave to the guardian *ad litem* the same power to bind the infant that the adult parties had to bind themselves. The rule of Court was adopted to prevent disputes as to the existence and terms of agreements, and it is generally held such rules have no application when the agreement is admitted or where it has been carried into effect. *Almeroth* v. *Bertram Candy Co.* (Mo.), 76 S. W., 701; *McLauglin* v. *Claussen* (Cal.), 48 Pac., 487; *Mut. Life Ins. Co.* v. *O'Donnel* (N. Y.), 40 N. E., 787.

Therefore, whether we look at the record alone or consider it in connection with the affidavits, the appellants were bound by the decree of Judge Cothran adjudging and ordering the sale of the lands for the payment of the debts of Charles T. Pearson.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.