## 8074

## MONTGOMERY v. UNITED STATES FIDELITY AND GUARANTY CO.

1. Continuance.—There is no abuse of discretion in refusing a continuance moved on the ground that foreign attorneys telegraph they cannot attend the trial and that appellant was given short notice to produce certain original letters which he should have delivered to his attorneys before case was called, where appellant was represented by capable local counsel.

2. Service on Foreign Insurance Companies.—Section 17 of the act of 1910, 26 Stat. 755, providing for service of foreign insurance companies by service on the insurance commissioner, does not repeal

section 155 of the Code of Procedure, providing for service of a foreign corporation by service of an agent of the corporation.

3. Ibid.—Insurance—Collateral Attack.—In a suit against an indemnity company, guaranteeing the liability of a foreign insurance company for a judgment obtained against the insurance company, it is not incumbent on the plaintiff to show that the party served as agent of the insurance company was in fact such agent where the record shows he was served as such agent.

Such suit may be brought in the name of the insured creditor under the statute.

4. Sureties—Ibid.—The unsatisfied judgment against the insurance company established the liability of the surety company, and verdict was properly directed.

5. Remittitur—Motion.—Order vacating order staying remittitur granted on motion.

Before DeVore, J.. Clarendon, January term, 1911. Affirmed.

Action by J. M. Montgomery against the United States Fidelity and Guaranty Company. Defendant appeals.

*Messrs. Ryals, Grace & Anderson* and *J. H. Lesesne,* for appellant. *Messrs. Ryals, Grace & Anderson* cite: *Action should be brought in name of obligee:* 2 Day 559; 13 Mass. 396; 15 Mass. 286; 29 Mass. 554; 2 Ill. App. 624.; 70 Mass. 81; 18 Miss. 586; 5 Cyc. 819b. *Insurance company was not served:* Code of Proc. 155; 26 Stat. 7.

*Mr. Lesesne* cites: *Demurrer lies for defect of parties:* Code of Proc. 165, sub. 4; 72 S. C. 39; 26 Stat. 744. *Service should be made on insurance commissioner:* 26 Stat. 775.

*Messrs. Davis & Wineberg,* contra, cite: *Suit against surety should be in name of creditor:* 26 Stat. 744. *Judge may direct a verdict when all the evidence points one way:* 71 S. C. 438; 79 S. C. 340; 66 S. C. 283; 68 S. C. 184.

The opinion in this case was filed on September 6, 1911, but remittitur held up on motion until

January 4, 1912. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The statute law of this State provides: "Before licensing any insurance company to do business in this State, the insurance commissioner shall require each such company to deposit with him an approved bond or approved securities, in the discretion of the commissioner, as follows: * * * each fire, or accident, or casualty, or surety insurance company, or any company not herein specified, ten thousand dollars; * * *. If a bond be given, it shall be conditioned to pay any judgment entered up against any such company in any Court of competent jurisdiction in this State, and such judgment shall be a lien upon the bond or securities. In case a bond is given, the judgment creditor shall have the right to bring suit on said bond for satisfaction of the judgment in the county in which the judgment is received" (obtained). Act, 1909, section 13 (26 Stat. 7).

On June 20, 1910, the plaintiff recovered a judgment for $1,045.43 against Florida Home Insurance Company on a fire insurance policy issued by that company. The execution having been returned *nulla bona,* the plaintiff brought this action under the statute above quoted, and recovered judgment against the defendant as surety on the statutory bond of the Florida Home Insurance Company, filed with the insurance commissioner.

The first exception assigns error in requiring the defendant to go to trial on the call of the case. There was no abuse of discretion in disregarding a telegram from counsel in Atlanta, merely stating that it was impossible for them to get to the trial. The defendant was represented by counsel of the Manning bar quite capable of taking care of its interests, and it was not for the absent counsel, but for the Court, to determine whether the circum-

stances were such as to excuse their absence. It is true that defendant's counsel was given short notice of demand for the production of certain original letters, but the notice related to letters which the defendant ought to have procured and placed in the hands of its counsel before the call of the case for trial. Aside from that, there is no intimation against the correctness of the copies introduced by plaintiff.

The Circuit Judge overruled a demurrer to the complaint and sustained a demurrer to special defenses set up in the answer. The defendant offered no testimony and at the conclusion of the evidence the presiding Judge directed a verdict in favor of the plaintiff for the amount claimed. The questions raised will be considered without special reference to the pleadings.

The defendant first contended that there was no valid judgment in favor of the plaintiff against the Florida Home Insurance Company, on the ground that the Florida company had not been served according to law. The judgment roll showed service of the summons and complaint on B. C. Wallace as agent of the insurance company at Sumter, S. C. Under section 155 of the Code of Procedure, service on any agent of a defendant corporation is sufficient. Section 17 of the act of 1910 (26 Stat. 755) requiring foreign insurance companies to appoint as agent the State insurance commissioner to accept service on their behalf, contains no intimation of an intention to repeal the provision of section 155 of the Code of Procedure above recited.

The position taken by defendant's counsel that it was incumbent on the plaintiff to prove *in this action* that Wallace was the agent of the Florida Home Insurance Company when the summons in the suit against the company was served upon him, is without foundation. The judgment was valid on its face and was itself evidence that the Court on the hearing of the case in which it

was rendered had passed on the sufficiency of the service of the summons. "The judgment of a domestic court having general and superior jurisdiction, is always to be presumed regular and valid and founded upon jurisdiction properly and duly acquired, until the contrary is definitely made to appear in some permissible manner." Black on Judgments, 329; *Ex parte Pearson,* 79 S. C. 302, 60 S. E. 706; *Voorhees* v. *Jackson,* 10 Peters, 449, 9 L. Ed. 447. The judgment against the Florida Home Insurance Company, being regular on its face and not subject to collateral attack, and not having been set aside by a direct proceeding instituted for that purpose, stood as a valid judgment before the Court when this suit was instituted and when it was tried.

When introduced in evidence unsatisfied the judgment against the Florida Home Insurance Company established the liability of the defendant as surety; for its bond was conditioned as required by the statute to pay "on demand the full and just sum of any judgment entered up against said Florida Home Insurance Company in any Court of competent jurisdiction in this State."

There is nothing in the objection that the action should have been brought in the name of the insurance commissioner, for the reason that the statute expressly provides that the judgment creditor shall have the right to bring suit on the bond. There was no issue for the jury on the evidence offered, and the Circuit Court properly directed a verdict for the plaintiff for the amount claimed.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

Within ten days after the filing of this opinion the appellant moved to stay the remittitur pending a motion to set aside the judgment against the insurance company on the ground that it had never been served. The motion was granted with leave to move to set aside the stay order. The

following order was made on the motion to set aside.—
REPORTER.

January 4, 1912.    PER CURIAM.    This is a motion upon
due notice for an order vacating the order of his Honor,
Justice C. A. Woods, staying the remittitur in the above
entitled case, and after duly considering the same,

It is ordered that the motion of the respondent be, and the
same hereby is, granted and the order heretofore
issued by the said Justice staying the remittitur
herein is vacated and discharged, and the clerk of
this Court is ordered to forthwith send down the remittitur.