## ROBERTSON v. METROPOLITAN CASUALTY INS. CO. OF NEW YORK et al.

### No. 2187.

District Court, W. D. South Carolina.

Jan. 11, 1936.

Watkins & Prince, of Anderson, S. C., for plaintiff.

Allen & Doyle, of Anderson, S. C., for defendant Casualty Co.

WATKINS, District Judge.

This cause was submitted to me by stipulation of counsel upon an agreed statement of facts, each party reserving the right of objection to any portion of the facts stated because of irrelevancy. The action was begun by the plaintiff, a judgment creditor of Public Indemnity Company, in the court of common pleas for Anderson county, S. C., and thereafter removed to this court upon petition of the defendant the Metropolitan Casualty Insurance Company of New York. No answer or other pleading was ever filed by, or on behalf of, any of the other defendants. The action was brought for the purpose of obtaining judgment against the Metropolitan Casualty Insurance Company upon a surety bond issued by it on behalf of Public Indemnity Company, pursuant to the provisions of the South Carolina statutes. The stipulation discloses the following facts: Public Indemnity Company, a foreign insurance company, for the purpose of obtaining the privilege to do business in the state of South Carolina, on August 12, 1930, filed with the insurance commissioner a bond, upon which Constitution Indemnity Company of Philadelphia was surety, and thereby obtained a license from the insurance commissioner to do business within said state for the insurance year beginning April 1, 1930, and ending March 31, 1931. Subsequently, on May 18, 1931, the said Public Indemnity Company filed with the said insurance commissioner a bond, upon which the Metropolitan Casualty Insurance Company of New York, the defendant herein, was surety, and thereby obtained the privilege of engaging in business in this state for the insurance year beginning April 1, 1931, and ending March 31, 1932. Again, on May 19, 1932, the said Public Indemnity Company filed with said insurance commissioner its bond, upon which Independence Indemnity Company was surety, and thereupon obtained a license to do business in the state of South Carolina for the annual period beginning April 1, 1932, and ending March 31, 1933. These several bonds were uniform in their provisions, each being in the sum of $10,000, and reciting that the purpose of the bond was to comply with the laws of the state of South Carolina

prerequisite to the doing of business in said state for the term mentioned in said bond; the condition of each bond being as follows: "Now therefore, the condition of the above bond is such that it shall continue in full force and effect so long as said principal shall do business in this State, or have outstanding contracts herein, or until another bond is lawfully accepted by the Insurance Commissioner, and that if the above bound principal or surety shall well and truly pay or cause to be paid to the said Sam B. King, Insurance Commissioner of South Carolina, and his successors in office, on demand, the full and just sum of any and all judgments entered up against the said principal in any Court of competent jurisdiction in this State (any such judgment hereby being declared to be a lien upon this bond), during the time the said principal does business in this State, or has outstanding contracts herein, then this bond to be void and of no effect, otherwise to remain of full force and effect."

On July 3, 1931, Public Indemnity Company issued to the plaintiff, John Will Robertson, a policy of insurance in the sum of $15,000. On July 25, 1931, the said plaintiff sustained an injury and suffered a loss within the terms of his policy contract. On January 14, 1932, the said John Will Robertson brought suit in the court of common pleas for Anderson county, S. C., against said Public Indemnity Company for the loss sustained by him under said contract, and the case, having been transferred to this court, resulted in a judgment in his favor against the said Public Indemnity Company, which was duly entered on February 6, 1933, in the sum of $17,379.50.

The statute laws of South Carolina, setting forth the conditions and limitations applicable to the business conducted by Public Indemnity Company in this state are embraced in volume 3, Code of Laws of South Carolina 1932, chapter 157 (section 7936 et seq.). See, particularly, sections 7944, 7947, 7964, 7967, 7969, 7991, and 7994. To begin with, section 7969 requires that every foreign insurance company, before transacting any business in this state, shall pay an annual license fee of $100 to the insurance commissioner on or before the 31st day of March in each year, and that the license by the insurance commissioner shall be granted so as to expire on the 31st day of March of each year. It will be seen, therefore, that license to do business is by statute limited to one year, and that the bond, of course, cannot be assumed to extend beyond the requirement of the statute. The essential question here is whether the liability upon the bond required by statute is limited to judgments obtained within the license year, or is to be construed to cover a liability for a cause of action arising during the license year, but upon which judgment is not obtained until a later period. Counsel for both sides have made an exhaustive study of the question, but have discovered no case decided by the Supreme Court of this state in which the exact point has been decided upon facts identical, in substance, with the facts in this case.

■ It is recognized by both sides that since this is a statutory bond, which refers in specific terms to the requirements of the South Carolina statutes, and states that it is given "in accordance with the terms of the laws of the State," the provisions of the statute, whether fully expressed in the bond or not, must be read into it, and that such provisions must prevail over any antagonistic provisions inserted in the bond. This principle of law is too well settled to necessitate a recapitulation of the numerous authorities cited by counsel thereon. The testimony of Sam B. King, insurance commissioner of South Carolina, was taken by counsel, subject, as I understand, to objection as to its irrelevancy, as well as the admission of certain correspondence relating to the several bonds hereinbefore referred to. From this evidence, it is clear that the formal bond which was signed was prescribed and required by the insurance commissioner. It appears, therefore, that before issuing the license, there was required to be inserted in the bond the provision that it should continue in force and effect, among other things, until another bond is lawfully accepted by the insurance commissioner. In this case, another bond had been accepted before any judgment was rendered in favor of the plaintiff. In the view that I take of the case, however, the limitation of the liability of the defendant surety company is fixed by statute, and the final agreement of the parties as to the limitation of liability becomes unimportant.

■ Ordinarily the construction placed upon a contract by the parties themselves,

particularly where one presents a contract which the other is required to sign, should be accorded considerable weight in the court's constriction. The consideration of this question would be of greater importance, if, before the end of the license year, but after a liability had been incurred, another bond had been substituted and was of force at the time the judgment was obtained within the license period. Here, however, the whole question turns upon the construction of the conditions of the bond. As I take it, either The Metropolitan Casualty Insurance Company or the succeeding surety Company, whose bond was in force at the time the judgment was obtained, is liable. It appears that this latter company, Independence Indemnity Company, is now insolvent. Had the situation been reversed, and the Metropolitan were now the insolvent company, as, of course, might have happened, the plaintiff would stand to lose if my judgment should now be in favor of the plaintiff's present contention. I recognize the principle that these bonds should be liberally construed in favor of the insured. This, however, would not justify a favorable decision because of the hardship of this individual case, since this would require a correlative hardship if conditions were reversed. The court's sympathies are naturally with the plaintiff in this case, and I have sought diligently to find some justification in the statute and in the bond for the allowance of plaintiff's claim. The statute, however, must be construed as it is written, and both by its express terms and its omissions, it appears to me to eliminate the contention that it was intended that the suretyship should cover any other claim than that arising out of a judgment rendered within the license period which the bond covered. While the numerous cases cited by counsel for both sides throw some light upon the general rules of construction of bonds, I am convinced that the construction placed by the Supreme Court of South Carolina upon a bond given on behalf of a life insurance company, in the case of Nofal et al. v. Lincoln Reserve Life Ins. Co., 173 S.C. 42, 174 S.E. 652, must govern. There, as here, the bond was conditioned for the payment "of any and all judgments entered up against the said principal in any Court of competent jurisdiction in this State," etc. The plaintiffs had policies of insurance in the defendant company, which were in force at the time the insurance company was declared insolvent by the United States District Court for the Northern District of Alabama, and a receiver appointed. Later an ancillary receiver was appointed in this State. The policies of the plaintiffs each had a loan or cash surrender value. They brought suit in the nature of a general creditors' bill, alleging that they were entitled to receive from the bond the amount of the loan or cash surrender value of their policies. The court held, inter alia: "This action is admittedly brought under section 7947 of the Code, and that section contains provisions relative to licensing reserve life insurance companies, to the effect that such companies shall give bond in the sum of $20,000. It further provides that, if a bond be given, 'it shall be conditioned to pay any judgment entered up against any such company in any court of competent jurisdiction in this State.' The bond was duly given, and, in accordance with the terms of the statute, the condition was to guarantee the payment of all judgments entered up against the Insurance Company." The court, after citing and discussing the cases of Montgomery v. United States Fidelity & Guaranty Co., 90 S.C. 283, 71 S.E. 1084, 1085, 73 S.E. 182, and Equitable Surety Co. v. Illinois Surety Co., 108 S.C. 364, 94 S.E. 882, 883, then quotes with approval the language in the case of Frink v. National Mutual Fire Insurance Co., 90 S.C. 544, 74 S.E. 33, 35, Ann.Cas.1913D, 221, as follows: "The securities are to be held to pay judgments of citizens of this state procured in the courts of this state. This fund is not provided for the general creditors, and may or may not be available for them."

It is to be observed that neither the statute, nor the bond provides for the payment by the surety company of the claims of general creditors. It may be, and in the instant case is, unfortunate that the statute did not go further and provide for the payment of claims arising during the license period, which might thereafter be reduced to judgment. As said above, however, unless the liability is expressly made cumulative on the part of the various successive sureties, we are reduced to the alternative of enforcing the liability as and when, and as and when only, the

judgments are obtained within the limited period of liability.

For the reasons stated, I hold that the complaint must be dismissed, and judgment rendered in favor of the defendant the Metropolitan Casualty Insurance Company of New York, and it is so ordered.