10141

EQUITABLE SURETY CO. v. ILLINOIS SURETY CO. *ET AL.*

(98 S. E. 144.)

1. APPEAL AND ERROR—RETRIAL AFTER REMAND—DIRECTED VERDICT.— Order overruling demurrer to complaint having been sustained on appeal, and plaintiff on trial after remand having offered evidence to prove every essential fact alleged, a verdict for defendant could not be directed.

2. APPEAL AND ERROR—SUBSEQUENT APPEAL—RES ADJUDICATA.—Decision on former appeal that complaint was not demurrable *held res judicata* of contention of surety on bond of foreign insurance company, filed with insurance commissioner, that plaintiff was primarily liable and surety only secondarily liable, since if contention was true, complaint did not state cause of action.

3. APPEAL AND ERROR—SUBSEQUENT APPEAL—RES JUDICATA.—Decision on former appeal that complaint was not demurrable *held res judicata* of contention that plaintiff and surety on bond of foreign insurance company filed with insurance commissioner were at most cosureties on the bonds in question.

Before MEMMINGER, J., Richland, Spring term, 1918. Affirmed.

Action by the Equitable Surety Company against the Illinois Surety Company and others. Directed verdict for plaintiff, and the United States Fidelity & Guaranty Company appeals.

See, also, 108 S. C. 364, 94 S. E. 882.

*Mr. Robert Moorman,* for appellant, cites: *As to exoneration of appellant:* 159 App. Div. (N. Y.) 542. *The law* of Suretyship, Sterns, p. 515, sec. 271; sec. 263 and page 515, same work; 125 Ind. 241; 24 N. E. 974; 15 Ohio State 200; 32 Cyc., p. 18; Brandt on Suretyship and Guaranty (2d Ed.), sections 262, 450, 451, also 280; A. & E. Ency. of Law, p. 225; Brandt on Suretyship (3d Ed.), sections 288, 289 and 519; 4 S. & P. (Ala.), p. 269; 6 Ga. 432; 257 Pa. 349; 5 Phila. 441; 94 S. E. 589; 84 Tenn. 630; 123 Iowa 356; 6 L. R. A. (New Series) 1021; 189 S. W. 32 (Mo.); 2 Bailey 60; 1 McMull. Eq. 370; 93 S. C., p. 310; 4 Strob. Eq. 150; 20 S. C., p. 278; 32 Leg. Int. 355 (Pa.); Brandt on Suretyship (3d Ed.), p. 206; 6 Rich. Eq. 78; Civil Code 1912, sec. 3942; 97 S. C. 178; 81 S. E. 424; 107 S. C. 164; 92 S. E. 387; 2 Bailey 551; 54 S. C. 109; 77 S. C. 493. *As to contribution:* 15 Ohio St. 203; 45 Ohio State 588; 16 N. E. 475; 2 Wait's Actions and Def. 288; 20 Ohio St. 5 Am. Rep. 669; 1 Ohio St. 327; 59 Am. Dec. 631; Anno. Cases 1915a, p. 1201; Ency. of Law, second Ed., vol. VII, p. 333; 3 Pomeroy Equity Jurisprudence, sec. 1418; 25 S. C. 377; 1. Hill Law, p. 178; 32 Cyc., pp. 15 and 276; 1 Brandt on Suretyship (2d Ed.), sections 383, 385 and 389; 10 Rich. Eq. 148; 2 Bailey Law, 397.

*Mr. D. W. Robinson,* for respondent, cites: *As to effect of former decisions:* 107 S. C. 178; 92 S. C. 287; 106 S. C. 467-8; 92 S. E. 1046; 17 S. C. 189. *As to rights and priorities of different sureties:* Vol. I, Code of 1912, sections 2701, 2724, 3942; 108 S. C. 373; Brandt on Suretyship (2d Ed.),

sec. 345; 27 S. C. 472; 4 S. E. 148; 1 McC. Ch. (6 S. C. Eq.) 116-17; Rich. Eq. Ca. (9 S. C. Eq.) 387; 3 Rich. Eq. (22 S. C. Eq.) 140, 146; Brandt on Suretyship & Guaranty (2d Ed.), vol. I, 262; Stearns on Suretyship (2d Ed.), sec. 263, p. 479; Meigs (Tenn.) 470, 472; 18 Md. 520; 2 H. & G. 87, 91; 12 G. & J. 361; 12 B. Mon. (Ky.) 397; 2 Brandt on Suretyship, sec. 329, p. 479.   *As to equities with plaintiff:* Code, sections 2672, 2675; 84 S. C. 256; 193 U. S. 554; 48 L. Ed. 792; 203 U. S. 25; 51 L. Ed. 173; 181 U. S. 75; 45 L. Ed. 758; Civil Code 1912, sec. 2701; 3 Peters 436-7; 7 L. Ed. 764-7; 15 S. E. 154; 36 W. Va. 310; 26 S. E. 515; 42 W. Va. 522; 4 Am. Eng. Enc. of Law, p. 483, and cases.   *Authorities directly in point:* 78 Va. 130-1; 5 Leigh 450, 600; 1 Rob. 179; 3 Minor's Inst. 394, and authorities cited; see, also pp. 128-9, 130, 131; 1 Black U. S., S. C. R., p. 573; 78 Ind., pp. 104-5, 107, 108-10.

January 28, 1919.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The Illinois Surety Company was for a while doing business in this State.   The statutes of this State require a foreign surety company, doing business in this State, to file with the insurance commissioner an approved bond or approved securities, in the sum of $10,000.   The Illinois Surety Company filed a bond with the United States Fidelity & Guaranty Company as surety.   A suit was brought in the Federal Court in this State upon a contract upon which the Illinois Surety Company was surety, and judgment was obtained against the company.   The company appealed, first to the Circuit Court of Appeals (*Illinois Surety Co. v. United States,* 215 Fed. 334, 131 C. C. A. 476) and then to the Supreme Court of the United States (240 U. S. 214, 36 Sup. Ct. 321, 60 L. Ed. 609).   The company lost in both appeals.   In both appeals the plaintiff herein signed the appeal bonds.   The Illinois Surety Company became insol-

vent, and the plaintiff was required to pay the judgment. The statutes provide that the bonds and securities filed with the insurance commissioner shall be a fund out of which repayment may be had. The plaintiff took an assignment of the interest of the judgment creditors, and brought this suit against the Illinois Surety Company and United States Fidelity & Guaranty Company. United States Fidelity & Guaranty Company demurred to the complaint, on the ground, among other grounds of demurrer, that the complaint did not state facts sufficient to constitute a cause of action, in that it appears as a matter of law that the plaintiff was substituted as surety for United States Fidelity & Guaranty Company, and that this company was no longer liable. The demurrer was overruled, and on appeal to this Court the order overruling the demurrer was sustained. The judgment of this Court is found in 108 S. C., at page 371, *et seq.,* 94 S. E. 882.

The case was remanded for trial. The appellants answered. On the trial of the case the plaintiff proved the facts alleged in the complaint without objection. The defendant offered no evidence. Both plaintiff and defendant moved for a direction of verdict in their favor. The presiding Judge directed a verdict in favor of the plaintiff and the defendant appealed on three exceptions.

1. The first exception merely states that his Honor erred in directing a verdict for the plaintiff and not for the defendant. A verdict for the defendant could not have been directed, as it had been conclusively held that the complaint stated a cause of action, and the plaintiff had offered evidence to prove every essential fact alleged.

2. The second exception complains that his Honor erred in not holding that the plaintiff was primarily liable and the defendant only secondarly liable, and that the plaintiff was liable to the exclusion of the defendant. If this proposition is true, then the complaint does not

state facts sufficient to constitute a cause of action. The former opinion held to the contrary. It is *res adjudicata*.

3. "Because his Honor, the presiding Judge, erred in not holding that the plaintiff and said defendant were at most cosecurities on the bonds in question, and in not directing a verdict accordingly." This exception cannot be sustained. Mr. Justice Watts, delivering the opinion in the former case. said:

"Payment by the surety subrogated the surety to all the rights and privileges of such plaintiff in a judgment or decree against the principal debtor, and to all the securities, equities, rights, remedies, and priorities held by such creditor. Code of 1912, sec. 3942; Brandt on Suretyship (2d Ed.), sec. 309; *Muller v. Wadlington*, 5 S. C. 345; *Garvin v. Garvin*, 27 S. C. 472, 4 S. E. 148.

"Whatever rights the creditors in judgment had against the bonds filed with the insurance commissioner were, by virtue of the statutory laws of this State, transferred to the plaintiff upon payment by it of the judgment. The judgment creditors formally and duly assigned to the plaintiff all of their rights, equities, and interests under the judgment to plaintiff."

This is also *res adjudicata*.

The judgment appealed from is affirmed.

MESSRS. JUSTICES HYDRICK and GAGE concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS did not sit.