WILSON & COMPANY *v.* SIMS *et al.; et vice versa.*

PER CURIAM. 1. By the Civil Code (1910), § 5113, it is provided that when an attachment has been levied upon property of a defendant, it shall be the duty of the officer levying the same to deliver the property so levied upon to the defendant, upon his giving bond with good security, payable to the plaintiff in attachment, obligating themselves to pay the plaintiff the amount of the judgment and costs that he may recover in said case, provided the property levied on shall be equal to, or exceed in value, the amount of the debt sworn to be due. But in case the property levied upon shall be of less value than the amount of the debt claimed to be due, then said bond shall be in double the amount of the property levied upon, to be judged of by the levying officer. The officer taking the bond is required to return it, with the attachment, to the court to which the latter is returnable; and it shall be lawful for the plaintiff to take judgment against the defendant and his securities upon the said bond for the amount of the judgment he may recover in his said attachment case.

2. Under the code section just referred to, where the property was of less value than the amount sworn to be due, as judged by the levying officer, and a bond for double the value of the property was taken and returned to the court, and the amount of the judgment recovered in the attachment case was greater than the amount of the bond, the two provisions in regard to limitation on the bond and the entry of judgment for the amount recovered in the attachment case must be construed together, so that judgment should be entered on the bond for such recovery only to the extent of the bond. To that extent the principal and surety were liable on the bond, not merely for the actual value of the property levied on, nor yet to the full extent of the judgment in the attachment case.

3. Where the surety filed an intervention seeking to set up fraud in the procurement of his signature to the bond (under the ruling in *Price* v. *Carlton*, 121 *Ga.* 12, 48 S. E. 721, 68 L. R. A. 736), but the evidence was not sufficient to authorize any submission to the jury of any issue of fraud or other defense sought to be set up by the intervention, it was not error to direct a verdict against the defendant in attachment and the surety on his bond, on that issue.

4. From the preceding headnotes it will appear that no error was committed as against the surety on the replevy bond, but that the verdict directed and the judgment entered against him was for too small an amount. Accordingly, on the main bill of exceptions, it is directed that so much of the judgment as is against the surety be set aside, and that judgment be entered on said bond to the extent thereof against such surety, and not merely to the extent of the value of the property.

5. Inasmuch as the judgment on both bills of exceptions is in favor of the plaintiffs in attachment, costs in both cases are awarded against the surety on the bond.

*Judgment on main bill of exceptions reversed, with direction; on cross-bill, affirmed. All the Justices concur.*

FEBRUARY 18, 1916.

Action upon bond. Before Judge Brand. Gwinnett superior court. December 7, 1914.

*G. A. Johns* and *I. L. Oakes,* for Wilson & Company.

*O. A. Nix,* contra.