### 9867

### EQUITABLE SURETY CO. v. ILLINOIS SURETY CO. *ET AL.*
(94 S. E. 882.)

1. PRINCIPAL AND SURETY—DOING BUSINESS IN THE STATE—FOREIGN SURETY COMPANIES.—Under Civ. Code 1912, sec. 2724, a foreign surety company could do business in the State only by consent and approval of the Governor, insurance commissioner, and secretary of state, provided it complied with the laws in force regulating foreign insurance companies.

2. PRINCIPAL AND SURETY — SURETY COMPANY — INSOLVENCY AND RECEIVERSHIP IN OTHER STATES—SERVICE OF PROCESS.—An Illinois surety company, in filing its bond with the insurance commissioner, with another foreign guaranty company as surety, complied with the law authorizing it to do business in the State, and such business continued as long as it had outstanding policies in the State, and

until all claims against it had been settled, and service of process on the company was sufficient, though it was insolvent and had a receiver in another State.

3. PRINCIPAL AND SURETY—ACTION AGAINST FOREIGN CORPORATION—PARTIES.—In suit in South Carolina against a foreign surety company authorized to do business in the State, the receiver appointed for it in another State is not a necessary party.

4. PLEADING — DEMURRER — ADMISSION.— Demurrer to the complaint admits the truth of its allegations.

5. SUBROGATION—PAYMENT BY SURETY—STATUTE.—Under Civ. Code 1912, sec. 3942, providing that payment by a surety of debt secured by judgment or decree, shall not operate as a satisfaction, but the surety shall be entitled to all the rights and privileges of plaintiff in the judgment, payment by a surety subrogated it to all the rights and privileges of the creditor in a judgment or decree against the principal debtor, and to all the securities, equities, rights, remedies, and priorities held by such creditor.

6. COURTS—JURISDICTION OF UNITED STATES COURT—SURETY BOND OF GOVERNMENT CONTRACTOR.—The United States Court for the district and State where the contract was to be performed has jurisdiction to dispose of suit on a surety bond given the United States Government for the performance of a contract to build a post-office within the State under act Cong. Aug. 13, 1894, c. 280, 28 Stat. 278, as amended by act Cong. Feb. 24, 1905, c. 778, 33 Stat. 811 (U. S. Comp. St. 1916, sec. 6923), giving subcontractors and materialmen a right to bring suit in the name of the United States against contractors on such bond, and limiting jurisdiction of such suits to the United States Court for the district where the contract is to be performed.

Before SHIPP, J., Richland, Spring term, 19—. Affirmed.

Action by the Equitable Surety Company against the Illinois Surety Company, the United States Fidelity and Guaranty Company, and another. From an order overruling demurrer to the complaint, the United States Fidelity and Guaranty Company appeals.

The sections of the Civil Code of 1912, directed to be reported, are as follows:

Sec. 2724. *Issuance of Policies by Foreign Surety Companies.*—Any foreign company empowered by its home charter to issue bonds or policies of suretyship may by the

consent and approval of the Governor, Insurance Commissioner and secretary of State, issue said bonds in this State: *Provided,* That they comply with the law now of force in this State regulating foreign insurance companies, all of which law which is now of force is hereby made applicable to companies issuing bonds or policies of suretyship.

Sec. 2675. *Subject to Laws—Limitations.*—All and every such foreign corporation carrying on business or owning property in this State shall be subject to the laws of the same in like manner as corporations chartered under the laws of this State, but nothing herein contained shall be construed to permit any such foreign corporation to exercise any franchise or enjoy any privilege or immunity other than the right to own property and carry on business in like manner as individuals, natural-born citizens of such State of the United States or of foreign countries, might do, and subject to the terms and conditions of this chapter.

Sec. 2674. *Administration of Assets of Foreign Corporation.*—It shall and may be lawful for any Court of competent jurisdiction in this State to take possession of, wind up, administer and marshal the assets in the State of any such foreign corporation (in like manner and in like cases as by law may be done with respect to corporations chartered under the laws of the State) for the protection of any and all citizens of this State who may be stockholders or creditors of such foreign corporations, as in the case of legatees and creditors (citizens of this State) of deceased persons whose domicile was, at the time of their decease, outside this State, in respect to assets within this State.

Sec. 2701. *Insurance Companies to Give Bond Before Being Licensed.*—Before licensing any insurance company to do business in this State, the Insurance Commissioner shall require each such company to deposit with him an approved bond or approved securities, in the discretion of the commissioner, as follows: Each legal reserve life insurance company, twenty thousand dollars; each fire, accident, or

casualty or surety insurance company, or any company not herein specified, ten thousand dollars: *Provided,* That domestic industrial insurance companies shall in no case be required to deposit more than the legal reserve on their policies, but not less than one thousand dollars, which may be made at the rate of five hundred dollars a year, on April 1st of each year; each domestic mutual life insurance company doing business on a recognized table of mortality with interest assumption not higher than four per centum per annum, not less than three thousand dollars.   But each such domestic company shall keep on deposit with the insurance commissioner at all times, not less than the legal reserve on all of its outstanding policies: *Provided, further,* That the terms of this section shall not apply to domestic mutual assessment companies not doing business in more than two adjoining counties.   If a bond be given, it shall be conditioned to pay any judgment entered up against any such company in any Court of competent jurisdiction in this State, and such judgment shall be a lien upon the bond or securities.   In case a bond is given, the judgment creditor shall have the right to bring suit on said bond for the satisfaction of the judgment in the county in which the judgment is received.

Sec. 2705. *Foreign Insurance Companies to Appoint Commissioner Attorney to Accept Service.*—Each foreign company, before being licensed to do business in South Carolina, shall appoint the Insurance Commissioner as its attorney to accept service, and such appointment shall continue in full force and effect so long as such company shall have outstanding policies in this State, and until all claims of every character held by citizens of this State, or by the State against such company, shall have been settled.   When legal process against any such company is served upon said Insurance Commissioner, he shall immediately notify the company of such service by special delivery letter, prepaid and directed to its authorized representative for South Carolina,

and he shall within two days after such service forward in the same manner a copy of the process served on him. The insurance commissioner shall keep a record of all processes served on him, which record shall show the day and the hour when such service was made and by whom made.

Sec. 2814. *Continuance of Corporations for Closing Affairs After Expiration, Annulment, Etc., of Charter.*— All corporations, whether they expire by their own limitation or be annulled by the legislature, or otherwise dissolved, shall be continued bodies corporated for the purpose of prosecuting and defending suits by or against them and of enabling them to settle and close their affairs, to dispose of and convey their property and to divide their capital, but not for the purpose of continuing the business for which they were established.

*Mr. Robert Moorman,* for appellant, cites: *As to service of summons upon defendant:* Code of Laws, sec. 2705; Code of Procedure, sec. 169. *As to law governing insurance companies doing business in this State:* Code of Laws, sections 2701, 2705 and 2708. *As to judgments:* Code of Laws, sec. 3935; 95 S. C. 47; 99 S. C. 507.

*Mr. D. W. Robinson,* for respondent, cites: *As to jurisdiction:* Code of Laws, sections 2724, 2675, 2674, 2814, 2701, 2705; U. S. 93 (61 L. Ed. —); Adv. Ops. 1916, 346; 90 S. C. 547-8; 74 S. C. 33; 181 U. S. 75-6 (45 L. Ed. 758); 48 S. C. 74. *Receiver not necessary party:* 48 S. C. 74-5. *As to demand:* 68 S. C. 24; 28 S. C. 516; 101 N. C. 374 (7 S. E. 732). *Will action lie?* Code of 1912, sec 3942; 12 Wheat. 594; 6 L. Ed. 740; Brandt on Suretyship (2d ed.), sec. 309; 4 S. E. 148; 27 S. C. 472; 84 S. E. 855 (N. C.); 5 How. 95; 12 L. Ed. 60, and cases; Brandt on Suretyship (2d ed.), secs. 314-15; 27 A. & E. Enc. of Law (2d ed.) 208; Stearnes on Stp. (2d ed.) 426-27, 430, 448; Code of Laws, sec. 2701; 28 St. L. 278 (U. S.); 33 St. L. 311 (U. S.); 7 Rich. Eq. (28 S. C. Eq.) 114-15; 1 Hill Eq. (10 S. C. Eq.) 350; 5 Rich. Eq. (26 S. C. Eq.) 473-4; 2 McCord's

Ch. (7 S. C. Eq.) 461; 103 S. C. 227; 5 S. C. 345-6; Brandt on Stp. & Gty., vol. II (2d ed.) 298; 25 S. C. 553; 27 Am. & Eng. Enc. of L. (2d Ed.) 209; Stearnes on Suretyship (2d ed.) 434, sec. 247; 25 Stat. L. (Fed.) 357; Code of Laws, secs. 3935, 2701, 3942, 2664, 2675; U. S. Const., art. VI (2) ; 3 Pet. 436-7; 7 L. Ed. 746-7; 223 U. S. 227, 56 L. Ed. 415; 4 L. R. A. (N. S.) 666 (Wisc.) ; L. R. A.; 1915d, 484-5, and cases (N. Y.) ; Stearns on Suretyship (2d ed.), pp. 495-6; 93 S. E. 193; — S. C. —; 31 S. E. 634; 53 S. C.. 414; 85 S. E. 664 (W. Va.) ; Stearns on Suretyship (2d ed.), sec. 263, p. 478; Brandt on Suretyship, sec. 256; 5 Leigh (Va.) 552.

January 22, 1918.

The opinion of the Court was delivered by Mr. JUSTICE WATTS.

This is an appeal from an order of Judge Shipp, overruling a demurrer interposed by the appellant to the complaint of the respondent.

The defendant by exception 1 expressly and by other exceptions inferentially takes the position that the Court had no jurisdiction over the appellant, and, therefore, really has no jurisdiction in this cause.    Under section 2724, vol. I, Code of Laws, this surety company (being a foreign company, and the law would be the same if it were a domestic company) could only do business in this State by consent and approval of the Governor, Insurance Commissioner and Secretary of State, provided it complied with the law of force regulating foreign insurance companies, all of which were made applicable to surety companies. Section 2675, vol. I of the Code, provides:

"All and every such foreign corporation carrying on business or owning property in this State shall be subject to the laws of the same in like manner as corporations chartered under the laws of the State."

25—108.

Section 2674 provides for the administration of assets of foreign corporations. Section 2814 of the Code provides how the affairs of a corporation in reference to the prosecution or defending suits for the purpose of settlement of their affairs when they cease to do business in the State for the reasons therein specified. (The Reporter will report in full these sections. He will also report sections 2701 and 2705 of volume I of Code, which requires the deposit with the insurance commissioner of a bond or approved security and the conditions of the bond and the appointment of the commissioner as its attorney to accept service, etc.)

Under the statutory law of this State the Illinois Surety Company in filing its bond with the Insurance Commissioner with the appellant as surety complied with the law as authorized the Illinois Surety Company to do business in this State, and that business continued as long as it had outstanding policies in this State, and until all claims against the company had been settled, and that the service of the process in this case was service on the Illinois Surety Company, even though it was insolvent, and even though it had a receiver in another State. *Pollock v. Association,* 48 S. C. 74, 25 S. E. 977, 59 Am. St. Rep. 695. This exception is overruled.

Exception 2 is overruled.

The receiver is not a necessary party. *Pollock v. Association,* 48 S. C. 74, 25 S. E. 977, 59 Am. St. Rep. 3      695; *Frink v. Fire Insurance Co.,* 90 S. C. 547, 74 S. E. 33, Ann. Cas. 1913d, 221.

Exceptions 3 and 4 are overruled.

The allegations of the complaint allege proper and full demand upon both the Illinois Surety Company and the appellant. The contract of appellant by its terms and language constituted an agreement to pay any judg-4      ment entered, and, under the statute giving the right to a judgment creditor to bring suit on such bond, and making no provision for demand, was unnecessary, but

the demurrer admits to be true the allegations of the complaint, and it alleges demand was made.   *Bank v. Strother,* 28 S. C. 516, 6 S. E. 313; *Machine Co. v. Browning,* 68 S. C. 24, 46 S. E. 545.

Exception 5 is overruled.

Payment by the surety subrogated the surety to all the rights and privileges of such plaintiff in a judgment or decree against the principal debtor, and to all the securites, equities, rights, remedies and priorities held by such creditor.   Code of 1912, sec. 3942; Brandt on Suretyship (2d ed.), sec. 309; *Muller v. Wadlington,* 5 S. C. 345; *Garvin v. Garvin,* 27 S. C. 472, 4 S. E. 148. Whatever rights the creditors in judgment had against the bonds filed with the insurance commissioner were by virtue of the statutory laws of this State transferred to the plaintiff upon payment by it of the judgment.   The judgment creditors formally and duly assigned to the plaintiff all of their rights, equities and interests under the judgment to plaintiff.

The construction asked for that the plaintiffs in the original actions were nonresidents of this State, and plaintiff could not obtain the benefit of the statutory provisions, and that the judgments were obtained in a foreign Court, to wit, the United States District Court, is untenable and narrow, and not worthy of serious consideration.   One of the creditors was at the time of the contract and is now a resident of Aiken, S. C.; the judgment was obtained in the District Court of the United States sitting in Columbia.   The contract of suretyship upon which the original judgment was obtained was given to the United States government for the performance of a contract within this State, to wit, the building of a postoffice at Aiken, S. C.   It was given under the provisions of act Cong. August 13, 1894c, 280, 28 Stat. 278, as amended by act Cong. February 24, 1905c, 778, 33 Stat. 811 (U. S. Comp. St. 1916, sec. 6923), which gave to subcontractors and materialmen a right to bring suit in the

name of the United States against contractors on such bonds. The same statute expressly limited the jurisdiction of such suits to the United States Court for the district and State where the contract was to be performed.

The United States Court was certainly a Court of competent jurisdiction in this State to dispose of the suit. Both the acts of Congress provide for lien of judgments obtained in the United States Court and when to be recorded under State laws. The Federal statute (Act Cong. August 1, 1888c, 729, 25 Stat. 357 [U. S. Comp. St. 1916, secs. 1606, 1607]), and the State law (section 3935, vol. I, Code of Laws). This exception is overruled.

Judgment affirmed.

MESSRS. JUSTICES HYDRICK, FRASER and GAGE concur.

MR. CHIEF JUSTICE GARY did not sit in this case.