13277

KIMBRELL v. HEFFNER *ET AL.*

(161 S. E., 175)

*Messrs. Nicholls, Wyche & Russell,* for appellant,

*Messrs. Perrin & Tinsley* for respondent.

November 13, 1931.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

This is an appeal from an order of Hon. T. S. Sease, Circuit Judge.

The history of the case is related in the "Statement" agreed to by the parties to the appeal, and included in the transcript of record; so much as is necessary to an understanding of the questions involved in this appeal may be thus stated:

Before the present action was brought, C. K. Kimbrell, appellant here, brought an action against L. H. Crenshaw and one Chevrolet automobile to recover damages for injuries to his person growing out of a collision. The car was attached.

In order to discharge the car from attachment and in lieu of the valuation, or the appraisal required by the

statute, the attorneys for the parties to the suit agreed upon a valuation of $300.00. Thereupon a bond in the penal sum of $600.00 was given by Crenshaw, with P. D. Heffner and J. S. Black as sureties. Upon trial of that case plaintiff recovered a verdict against Crenshaw in the sum of $750.00, together with $38.85 costs. Being unable to collect the amount of his judgment out of Crenshaw, plaintiff made demand upon Heffner and Black, sureties on Crenshaw's bond, for the sum of $600.00, which is the penal amount of the bond, and which is less than the amount of the judgment. The demand was refused and action was at once begun. The complaint set out, substantially, the facts hereinabove related. The answer set up that the bond was twice the agreed value of the car; that respondents only obligated themselves to pay the appellant the value of the car, to wit, $300.00, together with the costs, and admitted liability in such amounts.

The appellant, upon due notice, moved before Judge Sease to strike the answer for that it failed to state any defense to plaintiff's action; and for judgment on the pleadings in the sum of $600.00. The motion was overruled, and judgment was ordered to be entered for plaintiff in the sum of $300.00, plus all accrued costs in the original action, with interest at 7 per cent. from date of entry of judgment on the verdict.

From this order appeal comes to this Court.

As it appears to us the fundamental error in the order appealed from lies in this: The Circuit Judge read into the bond a condition which would have been pertinent in a bond for replevin in a case for claim and delivery of personal property, but which is not included in, nor appropriate to, a bond given to retake property held under attachment. The Circuit Judge said: "At the time the bond was given it was agreed between the parties to the action and the sureties that the value of the thing attached (the car) was Three Hundred ($300.00) Dollars, and in accordance with

the provisions of the statute, a bond for double said amount was executed, securing for the principal of said bond a release of the offending car and guaranteeing to the plaintiff that if the car was not returned to him as a result of the judgment that the value thereof, agreed upon, to wit, Three Hundred ($300.00) Dollars, together with the costs of the proceeding, would be paid to him."

There is nothing in the record to show that there was ever any agreement, except as to the value of the car, and nothing to show that the sureties to the bond had "part or parcel" in that. Certainly there is nothing in the record to show that there was an agreement that the bond was for the return of the car, and if that was not returned then for the payment of its value, $300, and the costs of the action. If there had been such a parol agreement, it would have been worthless as contravening the express terms of the written bond, and of the statute.

It appears to us that his Honor, the Circuit Judge, and the respondent's counsel have confused the conditions pertaining to the bond provided for by Section 517, Code Civ. Proc., in attachment, and those of a bond provided for in Section 474, Code Civ. Proc., in claim and delivery of personal property.

Following are the provisions of Section 517 which are pertinent to the question now under consideration: "Upon such application [by the defendant for the release of the property (car)], the defendant shall deliver to the Court or officer an undertaking executed by at least two sureties, who are residents and freeholders or householders in the state, approved by such Court or officer, to the effect that such sureties will, on demand, pay to the plaintiff the amount of judgment that may be recovered against the defendant in the action, not exceeding the sum specified in the undertaking which shall be at least double the amount claimed by the plaintiff in his complaint. If it shall appear by affidavit that the property attached be less than the amount claimed

by the plaintiff, the Court, or officer issuing the attachment, may order the same to be appraised, and the amount of the undertaking shall then be double the amount so appraised."

Here is no provision for the return of the property attached. The sole condition of the bond of replevin in all attachment proceedings is that the sureties will, "on demand, pay to the plaintiff the amount of judgment that may be recovered against the defendant." But it is argued that the parties agreed that the value of the attached car was only $300.00; therefore the sureties' liability was limited to that sum plus costs. The only agreement was that instead of having the Court appraise the value of the car, as required by the statute, the attorneys of the parties fixed the value. That agreement could not possibly alter the express conditions of the bond.

The provisions of Section 474, Code Civ. Proc., applicable to a bond in claim and delivery, are as follows: "At any time before the delivery of the property to the plaintiff, the defendant may, if he do not except to the sureties of the plaintiff, require the return thereof, upon giving to the Sheriff a written undertaking, executed by two or more sufficient sureties, to the effect that they are bound in double the value of the property, as stated in the affidavit of the plaintiff, for the delivery thereof to the plaintiff, if such delivery be adjudged, and for the payment to him of such sum as may, for any cause, be recovered against the defendant."

The essential difference between the conditions of the two classes of bonds is that in the attachment bond the only obligation is to pay the amount of the judgment recovered by the plaintiff against the defendant; in the claim and delivery bond the obligation is to return the property claimed by plaintiff, if it so be adjudged, and for the recovery of any sum that may be recovered against the de-

fendant, as, for instance, damages, actual and punitive, and costs, of course, within the penal limits of the bond.

Now where is the authority for saying that the bond in this present case (an attachment bond) was given for the return of the car, and that the value of the car as agreed upon is the measure of the liability of the sureties?

The Circuit Judge based his opinion upon the case of *Lee v. Angelos,* 123 S. C., 232, 116 S. E., 447. We have carefully considered that case and do not find that it sustains the conclusion reached by the Circuit Court.

It was held in *Sullivan v. Williams,* 43 S. C., 489, 21 S. E., 642, that being a statutory bond it must be construed in the light of the statutory provisions; for the statute enters into the bond as a part thereof.

In the case of *Philip Carey Co. v. Maryland Casualty Co.,* 201 Iowa, 1063, 206 N. W., 808, 810, 47 A. L. R., 495, the Supreme Court of that state said: "Where a statutory [contractor's] bond is given, the provisions of the statute will be read into the bond."

In the case of *Wilson & Co. v. Sims, et al.,* a Georgia case, reported in 144 Ga., 685, 87 S. E., 890, it was held: "Under the Code Section just referred to, where the property was of less value than the amount sworn to be due, as judged by the levying officer, and a bond for double the value of the property was taken and returned to the Court, and the amount of the judgment recovered in the attachment case was greater than the amount of the bond, the two provisions in regard to limitation on the bond and the entry of judgment for the amount recovered in the attachment case must be construed together, so that judgment should be entered on the bond for such recovery only to the extent of the bond. To that extent the principal and surety were liable on the bond, not merely for the actual value of the property levied on, nor yet to the full extent of the judgment in the attachment case."

Note the similarity of the facts in that case and in this that we are considering. The Georgia statute is very like ours.

In the case of *Franzen v. Southern Surety Co.*, a Wyoming case, reported in 35 Wyo., 15, 246 P., 30, 46 A. L. R., 496, this is said: "The bond of a contractor * * * which is given pursuant to the requirements of statute must be construed in connection with the statute."

In *Charles City v. Rasmussen,* an Iowa case, reported in 210 Iowa, 841, 232 N. W., 137, 139, 72 A. L. R., 642, 643, this is said: "The bond in this case.is a statutory bond, and the liabilities of the parties to the bond must be measured by the statute and not by the wording of the bond. * * * This statute therefore measures their liability on this bond. We have said repeatedly that any additions to such bond will be treated as surplusage, and any omission of the provisions of the statute will be read into the bond."

From 6 C. J., 359, 360, this is taken: "The measure of the recovery on a bond for the release of attached property depends upon the terms and conditions of the instrument, or of the statute by which such liability is fixed."

In our present case the bond and the statute are in identical terms which fix the only condition as one to pay the judgment recovered by plaintiff in the action against Crenshaw.

From the same authority, 6 C. J., this is taken: "Thus a bond conditioned for the return of property in case judgment is rendered for plaintiff, subjects the obligors to the amount of the judgment with costs up to the penalty of the bond, or the value of the property if that is less than the amount of the judgment."

That is in exact accord with Section 474 of our own Code Civ. Proc., as it relates to a proceeding in claim and delivery, and is the principle which respondents seek to apply in this case, but which may not justly be applied in a case of attachment.

Continuing the quotation from the same authority, this appears: "Where a bond to dissolve an attachment is conditioned to satisfy any judgment recovered against the defendant, the judgment recovered in the attachment suit fixes the amount to be paid under the bond, although it may exceed the value of the property, up to the amount of the penalty of the bond."

This is in exact accord with Section 517 of our Code Civ. Proc., as it relates to attachments. It is everywhere held that a statutory bond must be construed, and enforced, in the terms of the statute. The bond must be couched in the language of the statute; if it is not, the terms of the statute will be read into the bond.

In the case of *Wilkins v. Willimon,* 128 S. C., 509, 122 S. E., 503, 506, a case in claim and delivery, Mr. Justice Cothran, delivering the opinion of the majority of the Court, said that plaintiff could not recover from the sureties on defendant's bond because the condition on which plaintiff sought to recover was not "nominated in the bond."

The judgment of the Court below is reversed, and the case remanded with instructions to enter up judgment for plaintiff for $600.00, for the costs of this action, and of the appeal.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.