13605

READ PHOSPHATE CO. v. SOUTH CAROLINA TAX
COMMISSION *ET AL.*

(168 S. E., 722)

October, 1931.

316

320

322

324

*Messrs. John M. Daniel, Attorney General,* and *J. Fraser Lyon,* for appellant,

*Messrs. Nathans & Sinkler,* for respondent,

March 20, 1933.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The respondent, who is plaintiff in this action and will be so styled in this opinion, alleges in its complaint that it filed its income tax returns to the South Carolina Tax Commission, which is defendant in this action and shall be so called herein, for the years 1926, 1927, 1928, 1929, and 1930, respectively, and paid the income taxes in accordance with the said returns, which it avers were the correct amounts of taxes for which it was liable: That in 1931 the defendant made adjustments of plaintiff's returns and payments of taxes, alleging errors in the returns, and underpayments of taxes in the aggregate sum of $2,894.21, and demanding payment thereof; the plaintiff paid under protest the amount thus demanded, and brings this action to recover it under the provisions of the Income Tax Act of 1926 (Code 1932, § 2435 et seq.)

The defendants for answer deny those things not specifically admitted, and set up that the rules and regulations applied in this instance to determine the true and lawful income taxes due by plaintiff for the years 1926 to 1930, inclusive, have been invariably applied by defendant to all

persons and corporations in like plight with plaintiff since the passage by the General Assembly of the Income Tax Law of 1922 up to the present time. There is set out in some detail the method by which defendant fixed the amounts of the taxes it alleges were due by plaintiff for the years 1926 to 1930, inclusive; which methods it alleges are in conformity with the provisions of the Income Tax Act of 1926.

By consent the case was heard by Judge Grimball, without a jury, and upon an agreed statement of facts. This statement contains an admission of the correctness of the formal allegations of the pleadings, the payment of taxes as alleged in the complaint, the readjustments made by defendant, the payment under protest of the additional amount of taxes; it is further agreed, for the purposes of this suit, that the value or costs of plaintiff's property as of March 1, 1913, was $165,453.99, and of additions since that date, as set out in a table appended to the answer and printed in the transcript at page 5, upon the value or cost of property and additions the depreciation to determine the income tax of plaintiff was based.

The statement then proceeds in this wise:

"The question to be determined is whether the plaintiff is entitled to deduct from the income earned in 1926 through 1930 depreciation sustained in the years prior to 1921.

"Plaintiff contends that the *value* of its property on which depreciation should be based is its *value* as of January 1, 1921, arrived at by the agreed value or cost as of March 1, 1913, plus the additions made since that date through the year 1920, and that the total of those amounts represents the *value* on which annual depreciations at 9½% should thereafter be made except on the additions made in each previous year * * *. That the above items constitute the value or cost on which depreciation should be commenced to be made from that date and allowed annually at the above rate until the assets are exhausted.

"Defendants contend that depreciation should be computed annually on the *original cost* of the property from the date of acquisition, as reflected in the tabulation on page 5 of the answer, until the same is exhausted by the depreciation on the agreed cost. The defendants also contend that depreciation should be computed annually on the costs of additions and improvements from the date the same were made until the cost of the additions and improvements are exhausted by reason of such depreciation."

Judge Grimball filed his decree July 23, 1932, upholding the contentions of plaintiff that the taxes collected by defendant as set forth in the complaint were illegally collected, and the South Carolina Tax Commission was ordered to issue its order to the State treasurer to refund said taxes to Read Phosphate Company, and that the State treasurer do thereupon make such refund.

From this decree appeal by defendant comes to this Court based upon eight exceptions, and a number of subdivisions of some of these exceptions. The decree of the Circuit Judge, the exceptions, and the arguments take a wide range and discuss matters which in our judgment are not necessary to be considered in determining the cardinal issue in the case.

As stated by both parties to the appeal, this issue is: "Has the plaintiff the right to deduct from income earned in 1926 through 1930 depreciation sustained in years prior to 1921?"

In 1922 the General Assembly passed its first income tax law (Income Tax Act of 1921 [32 St. at Large, p. 896]). Up to that time those liable therefor were paying to the federal government an income tax. The Income Tax Law of 1921 of South Carolina provided that the return for income taxes under that Act should be the same as that made to the federal government and the amount of the tax paid to the State should be one-third of the amount paid to the federal government.

In the year 1927, the General Assembly passed another income tax law (Income Tax Act of 1926 [35 St. at Large, p. 1]), which repealed the Act of 1921, and which required that the taxpayer make his own return, and provided how the tax should be assessed thereon. This case turns upon the proper interpretation of the Act of 1926.

Plaintiff's contention, as already stated, is that the Act intended to fix the *value* of property and additions as of January 1, 1926, as the basis upon which deductions for depreciation should be made. But plaintiff states that, in a spirit of liberality, it is willing that deductions for depreciation should be taken to begin with the year 1921.

The defendant contends that the primary purpose of the Act of 1926 was to cut away from the requirement made by the Act of 1921 that the tax be based upon the federal return and to require the taxpayer to make his own return; that the Act does not intend nor undertake to fix 1926 or 1921 as a new starting point for the beginning of deductions for depreciations; and that the Act of 1926 never intended to change the rule that the assessment of the tax and deductions for depreciation are to be based upon the *cost* of the property at the time of acquisition, and of additions at the times they were made.

One readily understands the rationale of each contention when one understands and applies the theory upon which the plan of deduction for depreciation is founded.

The method of such application is stated in appellant's argument as follows: "A reasonable rate of depreciation, depending on the kind or character of property, is deducted and such rate is applied on the cost beginning on the date of the cost, that is, the date of acquisition, on the original cost of the property, and it is applied on the costs of improvements and betterments beginning on the dates the improvements or betterments are made, and continued until the property so depreciated is, by lapse of time, exhausted, or until the cost of the property is recovered."

It will be seen that it is to the interest of plaintiff to have deducted from its income earned during the years 1926, 1927, 1928, 1929, 1930, the deductions allowed for depreciation during the years prior to 1921, because by that method the amount upon which it would be taxed would be materially lessened. It claims to find authority for this course in the Income Tax Act of 1926. It interprets that Act to establish a new period, to wit, 1926, for fixing the value of its property and the income derived thereupon upon which the tax is to be levied, and to give it the right arbitrarily to fix that value in its return to the Tax Commission, and to that end to deduct from its income for the years 1926 through 1930 the deductions for depreciation allowed it in the years prior to 1921.

A careful perusal of the Act does not sustain this interpretation of it. The Circuit decree assumes that it was the intention of the Act. But the context of the Act itself destroys the assumption. It distinctly provides that the basis of taxation and allowances for depreciation shall be the *cost* (not the value) of the property and additions. Now in the nature of things the cost of the property is the price paid for it at the time of its acquisition and the cost of any improvements and betterments at the time they were made. The Act does not authorize the taxpayer arbitrarily to fix a value of the property and additions as of January 1, 1926. Under the federal income tax laws plaintiff paid its taxes annually as of a valuation of property as of the date of March 1, 1913, and on additions as of the date of January 1, 1917. It has had the benefit of the deductions for depreciation of these properties and additions and seeks now to benefit again by deducting them from income for the years 1926 through 1930.

To apply an old adage, "One cannot have his cake and eat it, too."

> The defendant construes the statute as fixing the *cost* of property at the date of acquisition, and of additions at the time they are made as the basis of cal-

culation, and that it does not give to plaintiff the right to fix as the basis of the calculation its arbitrary value of its property as of January 1, 1926.

Its interpretation commends itself to our judgment.

"The construction given to a statute by those charged with the duty of executing it is always entitled to the most respectful consideration, and ought not to be overruled without cogent reasons.

"*Edwards v. Darby*, 12 Wheat. [U. S.], 210 [6 L. Ed., 603]; *U. S. v. State Bank of N. Car.*, 6 Pet. [U. S.], 29 [8 L. Ed., 308]; *U. S. v. McDaniel*, 7 Pet. [U. S.], 1 [8 L. Ed., 587]. The officers concerned are usually able men, and masters of the subject. Not unfrequently they are the draftsmen of the laws they are  *  *  *  called upon to interpret." *U. S. v. Moore*, 95 U. S., 760, 763, 24 L. Ed., 588.

The Act of 1926, embodied in the Code of Laws for 1932 as Section 2449, Subd. 8, lays down the rule for ascertaining the allowance for depreciation as follows: "A reasonable allowance for the depreciation and obsolescence of property used in the trade or business:  *  *  *  Provided, That in computing the deductions allowed under this paragraph, the basis shall be the cost plus any additions and improvements."

This rule is in effect the same as that adopted and is in use under the federal income tax laws, and is approved by federal tax authorities and the federal Courts.

The Act of 1926 (35 St. at Large, p. 25, § 39 [Code 1932, § 2476]) provides that: "The Tax Commission may, from time to time, make such rules and regulations, not inconsistent with this article, as it may deem necessary to enforce its provisions, and the same shall have full force and effect of law."

We find nothing in the rule adopted by the Tax Commission and enforced in this case which is in any respect in contravention of any provision of the Act.

We have not attempted to follow the ramifications of the Circuit decree, the exceptions, and the arguments. We have confined ourselves to the consideration and determination of the question which both parties agree is the one issue to be decided, viz.: "Is plaintiff entitled to deduct from income earned in 1926 through 1930, depreciation sustained in years prior to 1921?" To that question we answer: No. And it follows that the decree of the Circuit Judge should be reversed. And it is so ordered.

This opinion was written as a dissent to the opinion of Mr. Acting Associate Justice Cothran, but inasmuch as the majority of the members of the Court concur in it, it becomes the leading opinion.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.

MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN (dissenting) : We have given most careful consideration to this appeal with the result that the decree of the Circuit Judge be affirmed and made the judgment of this Court.

We wish, however, to add the following observations to the decree:

The fact that the respondent is a foreign corporation should not in any manner affect the "method" of taxation as provided in the statute. The word "value" in Section 2451 is used merely in reference to ascertaining a taxation basis when the foreign corporation conducts business in other places than in this State. It is not used in relation to depreciation.

In 1922 an income tax law was enacted, applicable to incomes received in 1921, which adopted the federal income tax returns of all citizens of this State who made returns and which required the payment of one-third of the federal tax. This continued until 1926, when the State decided to have its separate and distinct income tax law. This was a complete breakaway from the federal law, and, as a natural consequence, the federal authorities cited by the appellant

do not appear to be applicable to the question herein involved. We are forced to a construction of our own statute.

The Income Tax Act of 1926 recognized the right of the taxpayer to take depreciation on the property therein mentioned and this depreciation is upon the cost of the property plus improvements. The cost can be determined in only one of two methods: Either the cost of construction or the purchase price. Speculation as to what might have been is usually useless, but we cannot refrain from saying that had the Act contained the word "value" instead of "cost" all of this difficulty would have been obviated. The value in 1926 might have been favorable to one taxpayer and detrimental to another, but there would at least have been a stable foundation for the basis of depreciation.

The respondent does not claim depreciation between the years 1921 and 1926 for the reason that depreciation for those years was allowed by the federal law and the respondent obtained this advantage through the relation of the State law to the federal law. The respondent does not, however, admit the legality of this concession.

Doubtful or ambiguous language in taxation statutes is to be construed in favor of the taxpayer. As said by the Supreme Court of the United States in *Gould v. Gould*, 245 U. S., 151, 38 S. Ct., 53, 62 L. Ed., 211: "In case of doubt they are construed most strongly against the government, and in favor of the citizen."

But where the legislative intent, as disclosed on the face of the Act, is clear, there is no need for the invocation of this rule. Here the language of the statute is unambiguous and leaves no room for doubt that it was the intention of the Legislature that the taxpayer in computing his net income for the purpose of determining the taxes imposed by the Act of 1926, and for each succeding year, should be allowed a reasonable deduction for depreciation based upon cost of his depreciable assets used in his trade or business.

The enactment of the Act of 1926 repealed the Act of 1922 except as to uncollected taxes under that Act and, in so far as·the Act of 1926 is concerned, it was as though no former Act had ever been passed.· A new starting point was fixed by the Act of 1926, and under the terms of that Act the taxpayer is allowed a reasonable depreciation based upon cost.

While the Act of 1926 fixes a new point of beginning for depreciation based on cost, it would not be equitable or reasonable to permit the taxpayer to claim the right of 100 per cent. depreciation beginning in 1926 when he has had the advantage of depreciation since 1921 through the medium of the federal law. Such per cent. of depreciation as had been, or may have been, claimed since 1921 should be deducted from his future claims for depreciation. To permit the taxpayer to commence his claim in 1926 when he has already been allowed depreciation since 1921 would not be such reasonable depreciation as is contemplated in the Act. Moreover, having been allowed depreciation from 1921, the taxpayer would be estopped from denying this benefit received by him.

In adopting the decree of the Circuit Judge we wish to say that we do not altogether approve of his frequent use of the word "value." For instance, he says : "But in 1926, the right to fix actual value was given to the taxpayer, and on its first return under the 1926 Act, plaintiff fixed the actual value of its property and based its income tax return on that value."

The allowance for depreciation, as clearly expressed in the Act, is based on cost and the arbitrary fixing of a value as of March 1, 1913, in accordance with the federal law, should have no bearing upon the question of cost, which, under the Act of 1926, is the only basis for calculating depreciation.

The Act of 1926, being concededly separate and distinct and a total breakaway from the federal Act, I do not see

how the federal Act can be called upon to determine any feature of depreciation applicable to this case.

This opinion was written as the leading opinion of the Court, but the other members of the Court having disagreed, it is filed as a dissenting opinion.

Let the decree of the Circuit Judge be reported in connection herewith.