13858

NOFAL *ET AL.* v. LINCOLN RESERVE LIFE INS. CO. *ET AL.*

(174 S. E., 652)

*Messrs. Sloan & Sloan,* for appellant,

*Messrs. Geo. W. Freeman, Jr., J. E. Dudley, Neville Bennett* and *J. J. Evans,* for respondent,

May 29, 1934.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN.

The Lincoln Reserve Life Insurance Company hereinafter for convenience called the insurance company, a corporation of the State of Alabama, desiring to do business in this State, applied to the State Insurance Commissioner

for that privilege, and the same was accorded upon compliance with Section 7947 of the Code of 1932, providing, amongst other things, for the execution of a bond in the sum of $20,000.00. The bond was given, and the Fidelity & Deposit Company of Maryland, hereinafter for convenience called the bond company, signed the same as surety.

G. A. Nofal and Elliott Crosland had policies of insurance in this company which they had been carrying for some time, and which were in full force on January 12, 1933, at which time the insurance company was declared insolvent by the United States District Court for the Northern District of Alabama, said Court appointing a receiver. Later an ancillary receiver was appointed in this State.

At the time of the declared insolvency of the insurance company, the policy held by Nofal had a loan or cash surrender value of $130.00, and the policy of Crosland had a like value of $6.43. N. W. Edens was appointed as the South Carolina receiver of the insurance company, and the suit was brought by him against the bond company to recover the amount of the bond. A demurrer was sustained to the complaint in that case. It is stated in the record that an appeal from the order sustaining the demurrer is now pending in this Court, but, if so, it has not been presented.

After these preliminary remarks, we now approach the real points involved in this appeal.

Nofal and Crosland brought suit in the nature of a general creditors' bill for the benefit of themselves and all others in like plight who cared to enter into the litigation against the insurance company and the bond company, alleging that the plaintiffs were unsecured creditors and entitled to receive from the bond executed by the defendants the amount of the loan or cash surrender value of their policies. It does not appear that any other creditor joined with them in the litigation.

The insurance company, being in the hands of receivers, did not answer the complaint, but the bond company defended

itself against the suit of the plaintiffs by the interposition of a demurrer to the complaint. The demurrer was based principally upon the ground that the plaintiffs could not maintain their action for the reason that they were simple contract creditors, unsecured, and not judgment creditors. The application of this ground of demurrer will soon be made more apparent.

The Circuit Judge overruled the demurrer to the complaint, and from his order this appeal is taken.

This action is admittedly brought under Section 7947 of the Code, and that section contains provisions relative to licensing reserve life insurance companies, to the effect that such companies shall give bond in the sum of $20,000.00. It further provides that, if a bond be given, "it shall be conditioned to pay any judgment entered up against any such company in any Court of competent jurisdiction in this State."

The bond was duly given, and, in accordance with the terms of the statute, the condition was to guarantee the payment of all judgments entered up against the insurance company.

In *Montgomery v. Guaranty Co.*, 90 S. C., 283, 71 S. E.; 1084, 1085, 73 S. E., 182, it is said: "When introduced in evidence unsatisfied, the jurgement against the Florida Home Insurance Company established the liability of the defendant as surety, for its bond was conditioned as required by the statute to pay 'on demand the full and just sum of any judgment entered up against said Florida Home Insurance Company in any Court of competent jurisdiction in this State.' "

In *Equitable Surety Co. v. Illinois Surety Co.*, 108 S. C., 364, 94 S. E., 882, 883, it is said: "The contract of appellant by its terms and language constituted an agreement to pay any judgment entered."

In *Frink v. National Mutual Insurance Co.*, 90 S. C., 544, 74 S. E., 33, 35, Ann. Cas., 1913-D, 221, it is said: "The securities are to be held to pay judgments of citizens of

this State procured in the Courts of this State. This fund is not provided for the general creditors, and may or may not be available for them."

The bond being conditioned for the payment of judgments only, and the claims of the plaintiffs being admittedly only unsecured accounts, it follows that the bond is not liable therefor.

The demurrer should have been sustained.

Reversed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.