14295

BOYNTON *ET AL.* v. CONSOLIDATED INDEMNITY & INS. CO. *ET AL.*

(185 S. E., 731)

280

August, 1935.

284

*Mr. Robert McC. Figg, Jr.,* for appellant,

*Messrs. Randolph Murdaugh* and *J. E. Tobin,* for respondent,

May 13, 1936.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

C. P. Allen was the administrator of the estate of Goins Boynton, deceased, with the Consolidated Indemnity & Insurance Company as surety on his administration bond. Judgment was obtained against the administrator and his surety, of which judgment the plaintiffs are the owners.

When the Consolidated Indemnity & Insurance Company was licensed to do business in South Carolina, it complied with the requirements of the statute of the State by giving bond in the sum of $10,000.00 with Guardian Casualty Company as surety.

When judgment was obtained against Allen and the surety on his administration bond, whom, for brevity, we shall call the Consolidated Company, negotiations were begun with the Consolidated Company for the payment of the

judgment in installments. Before the judgment was paid in full the Consolidated Company, which was a New York corporation, was placed in liquidation by the proper legal authority of that state on May 29, 1934. It appears from the statement in the record that on April 30, 1933, the Consolidated Company "reinsured all surety and insurance risks of the Guardian Casualty Company outstanding as of twelve o'clock midnight, March 31, 1933, and all surety and insurance risks thereafter written and assumed by the Guardian Casualty Company and the Consolidated Indemnity and Insurance Company assumed and agreed to pay all the debts and liabilities of the Guardian Casualty Company of every kind that were due or may become due."

The Guardian Casualty Company was likewise a New York corporation, and on June 2, 1934, it was placed in liquidation by the proper legal authority of that state.

When the Guardian Casualty Company was licensed to do business in South Carolina, it qualified by furnishing the bond required by Section 7947, Code of Laws 1932, in the sum of $10,000.00, with the American Surety Company as surety. The pertinent provisions of that section are here set out as follows: "Before licensing any insurance company to do business in this State, the insurance commissioner shall require each such company, to deposit with him an approved bond or approved securities, in the discretion of the commissioner, as follows: * * * Each fire, accident, or casualty or surety insurance company, or any company not herein specified, ten thousand dollars. * * * If a bond be given, it shall be conditioned to pay any judgment entered up against any such company in any Court of competent jurisdiction in this State, and such judgment shall be a lien upon the bond or securities."

July 25, 1934, the plaintiffs brought their action against the named defendants, setting out the matters and things hereinabove narrated, "on behalf of themselves and all others in like situation in this State, and all other creditors

in this State who may have the right to share in the bond and benefits thereof furnished by the Consolidated Indemnity and Insurance Company, the Guardian Casualty Company and the American Surety Company."

The plaintiffs also allege: "That because the Guardian Casualty Company was taken over by the Consolidated Indemnity and Insurance Company, the American Surety Company as qualification surety of the Guardian Casualty Company is responsible for the payment of plaintiff's judgment and like judgments and all creditors of the Consolidated Indemnity and Insurance Company in South Carolina."

In accordance with the prayer of the complaint, Judge Johnson of the Fourteenth Circuit appointed a receiver *nisi* of the property and assets of the Consolidated Company in South Carolina, including the bond wherein the American Surety Company is surety for Guardian Casualty Company; with leave to defendants to show cause, and in the meantime enjoined all other suits.

The American Surety Company answered and made return to the effect that the Consolidated Company, under the law and proceedings in New York, is *civiliter mortuus,* and this action does not lie against said company; it admitted that it was surety on the qualification bond of the Guardian Casualty Company; denied that the Consolidated Company had taken over the Guardian Company; and denied that it was liable thereby for the judgments and debts of the Consolidated Company. It showed that the condition of its bond had not been breached because no judgment had been entered against its principal, Guardian Casualty Company, in any Court in this State, and that plaintiffs have no cause of action on the bond on which it is surety.

September 28, 1935, Judge Johnson filed his decree affirming the order appointing the Receiver, and adjudging the plaintiffs' judgment against the Consolidated Company to be a lien on the bond on which the American Surety Com-

pany was surety for the Guardian Casualty Company, and that the American Surety Company is liable on such bond for any judgment against the Consolidated Company.

The appeal from this decree is predicated upon ten exceptions with various subdivisions, but counsel for appellant and respondents have elected to discuss the issues made by the exceptions under three heads, and we will adopt that plan:

"1. Did the Circuit Judge correctly hold that the American Surety Company is liable in this suit 'for any judgment against the Consolidated Indemnity and Insurance Company,' and declare that 'the judgment of the plaintiffs against the Consolidated Indemnity and Insurance Company * * * is * * * a lien against the bond on which the American Surety Company is surety for the Guardian Casualty Company?' "

"2. Was the Circuit Judge empowered to appoint a receiver for the Consolidated Indemnity and Insurance Company when no property of that Company is involved in this action, and it is a foreign corporation?"

"3. Was the Circuit Judge empowered to appoint a receiver of the Guardian Casualty Company's bond, which was not the property of the Consolidated Indemnity and Insurance Company for which the receiver was appointed, and no breach of the statutory condition of that bond being shown, and no cause of action thereon established?"

It has required much time and space to state the involved history of the circumstances and transactions out of which this litigation arose, but it should not require a great deal of time, nor take so much space, to dispose of the questions asked, and which must be answered.

For the orderly understanding and determination of the first issue, it is necessary that there be a clear comprehension of the statute under which the so-called "qualification" bonds are given, and the conditions, a violation of which

renders the maker of the bond liable, and fixes the obligee to whom the obligor becomes liable.

Section 7947, Code 1932, makes it the duty of the insurance commissioner of the State to exact of 'each insurance company desiring to be licensed to do business in this State a bond, or the deposit of securities, to be approved by him, as a prerequisite to the issuing of the license.

The manifest intent of the statute is to protect the interests of the citizens of the State who enter into business relations with these insurance companies, especially those which are denominated "foreign corporations."

In order that there might be no ambiguity as to the nature of the liability assumed by one who gave a bond and one who became surety thereon, the statute provides that: "If a bond be given it shall be conditioned to pay any judgment entered up against such company in any Court of competent jurisdiction in this State, and such judgment shall be a lien upon the bond or securities."

· In the present case the judgment is against C. P. Allen and the Consolidated Company, which was surety on his administration bond. Patently that gave these judgment creditors, if they failed to realize their judgment by process against the assets of the administrator and/or his surety the Consolidated Company, authority to proceed against the bondsmen of the Consolidated Company, a foreign insurance company. What opportunity did this process open to the plaintiffs? Plainly to obtain judgment in a Court of competent jurisdiction in the State against the surety of Consolidated Company, to wit, the Guardian Casualty Company. Thereupon their judgment would have been a lien on the bond which the Guardian Casualty Company had executed to the insurance commissioner, upon which bond the American Surety Company is surety. But plaintiffs did not pursue this course, they elected to enter into negotiation with the Consolidated Company for the payment of their

judgment in "installments." Before this desirable consummation could be accomplished, the Consolidated Company and the Guardian Casualty Company had become insolvent and were in process of liquidation under the legal processes of the State of New York.

In the meantime, and before the two companies were put into liquidation, the Consolidated Company had taken over the Guardian Casualty Company and assumed the obligation of carrying out its insurance and surety contracts and obligations.

It is upon the strength of this agreement between the Consolidated Company and the Guardian Company that it is sought to hold the American Surety Company liable in this action, because it is surety on the qualification bond of the Guardian Casualty Company, to do business in this State.

The proposition is without merit. Before the American Surety Company can be held liable on its bond as surety for the Guardian Casualty Company, there must be a judgment against the Guardian Casualty Company rendered by a Court of competent jurisdiction in this State. Admittedly there is no such judgment. But it is sought to hold the American Surety Company liable for this judgment because the Consolidated Company took over the Guardian Company and assumed the payment of its debts and obligations. That was a valid agreement between the parties to it, but it certainly could not bind the American Surety Company to pay the obligation of the Consolidated Company because the Guardian Company was the surety of the Consolidated Company and the American Surety Company was the surety on the qualification bond of the Guardian Company. The American Surety Company was not a party to the agreement between the Consolidated Company and the Guardian Company, and it would be a far cry to say that the Guardian Company, without the consent of the American Surety Company, could make the latter responsible for the obliga-

tion of the Guardian Company to the Consolidated Company.

We can find no reciprocity of obligation between the plaintiffs and the American Surety Company which would sustain the right of the plaintiffs to maintain this action.

This Court, in the case of *Nofal v. Lincoln Reserve Life Ins. Co.,* 173 S. C., 42, 174 S. E., 652, 653, held thus: "The bond being conditioned for the payment of judgments only, and the claims of the plaintiffs being admittedly only unsecured accounts, it follows that the bond is not liable therefor."

That case quotes with approval from the case of *Montgomery v. U. S. Fidelity & Guaranty Co.,* 90 S. C., 283, 71 S. E., 1084, 73 S. E., 182, as follows: "When introduced in evidence unsatisfied, the judgment against the Florida Home Insurance Company established the liability of the defendant as surety, for its bond was conditioned as required by the statute to pay 'on demand the full and just sum of any judgment entered up against said Florida Home Insurance Company in any Court of competent jurisdiction in this state.' "

It likewise quotes from the case of *Equitable Surety Co. v. Illinois Surety Co.,* 108 S. C., 364, 94 S. E., 882, 883, the following: "The contract of appellant by its terms and language constituted an agreement to pay any judgment entered."

From the case of *Frink v. National Mutual Fire Ins. Co.,* 90 S. C., 544, 74 S. E., 33, Ann. Cas., 1913-D, 221, the Court quoted this: "The securities are to be held to pay judgment of citizens of this state procured in the courts of this state. This fund is not provided for the general creditors, and may or may not be available for them."

It is not open to argument that no judgment has been entered up against the Guardian Casualty Company in any Court of competent jurisdiction in this State, but the only condition of the bond of the Guardian Casualty Company

upon which the American Surety Company has assumed liability as surety for the Guardian Company is to pay such judgment.

The exceptions which present this question on behalf of the appellant must be sustained.

The second question to be considered challenges the power of the Circuit Judge to appoint a receiver of the Consolidated Indemnity & Insurance Company when that company has no property involved in this action, and is a foreign corporation.

The issue made by the third proposition submitted is of like nature with the second proposition and may be considered along with it.

The issue thus presented is:

Was the Circuit Judge empowered to appoint a receiver of the qualification bond given by Guardian Casualty Company, which bond was not the property of the Consolidated Company for which the receiver was appointed, no breach of the statutory condition of the bond being shown, and no cause of action thereon established?

Subdivision 4 of Section 584 of the 1932 Code provides that a Receiver for a corporation may be appointed "when a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights; and, in like cases, of the property within this State of foreign corporations."

The Consolidated Indemnity & Insurance Company is a foreign corporation; there is a total failure of any proof that it has property in this State. It is true that the respondents argue, and the circuit decree holds, that respondents and the other creditors of the Consolidated Company have an interest in the bond given by Guardian Casualty Company with the American Surety Company as surety. But we have seen that that contention is untenable. The *Nofal case* and its cited authorities specifically hold that that bond is

not for the benefit of general and unsecured creditors. The judgment which the respondents have against the Consolidated Company as surety on the administration bond of C. P. Allen is wholly unrelated to the bond which the Guardian Company gave to the insurance commissioner for the privilege of doing business in this State. The agreement by which the Consolidated Company assumed the payment of the obligations of the Guardian Company, to which agreement the American Surety Company was a total stranger, cannot be held to make the American Surety Company liable for the obligations of the Consolidated Company because it is surety on the qualification bond of the Guardian Company; which in turn was surety on the qualification bond of the Consolidated Company. The statute gives to a creditor of the foreign corporation licensed to do business in this State the right to sue such corporation and its bondsmen. Until that is done and a judgment entered up in a Court of competent jurisdiction in this State, the bond is in the custody of the insurance commissioner. In fact, it is made payable to him, as is shown by the record in this case of the bond of the Guardian Casualty Company, principal, and the American Surety Company as surety, viz.: "* * * If the above bound principal or surety shall well and truly pay or cause to be paid to the said Sam B. King, Insurance Commissioner of the State of South Carolina and his successors in office on demand the full and just sum of any and all judgments entered up against the said principal in any court of competent jurisdiction in this State. * * * Then this bond to be void," etc.

It is patent that the Circuit Judge was without authority to appoint a Receiver to take over this bond for the benefit of the plaintiffs in this action and for the benefit of general and/or unsecured creditors of Consolidated Indemnity & Insurance Company. Hence the exceptions relating to the issues made by the second and third questions must be sustained.

This is a typical case to which to apply the sapient utterance of that able and learned Judge, the late Mr. Justice Hydrick of this Court, to wit: "Hard cases make bad laws."

It is hard that these respondents should lose the money left them by their father. Unfortunately, when they had obtained judgment against the administrator of their father's estate and his surety on his administrator's bond, the Consolidated Indemnity & Insurance Company, they did not proceed against the qualification bond of said Consolidated Company, upon which Guardian Casualty Company was surety, and for whom the American Surety Company was surety; but for reasons not explained in the record they entered into an agreement with the Consolidated Company by the terms of which that company should pay the judgment in installments. Before this was done, both the Consolidated and the Guardian Companies had become insolvent.

It would seem that the generous attitude of the respondents is responsible for their loss. Truly a hard case, which this Court has no power to remedy.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and the complaint be dismissed as to the appellant, the American Surety Company.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES FISHBURNE and BAKER concur.

MR. JUSTICE CARTER (dissenting): For the reasons appearing in the record in this case, and especially for the reasons set forth in the decree of his Honor, J. Henry Johnson, Circuit Judge, who heard the case on the circuit and passed upon the issues involved therein, I think the judgment of the lower Court should be affirmed. I therefore most respectfully dissent from the conclusion reached in the leading opinion.