### ROBERTSON v. METROPOLITAN CASUALTY INS. CO. OF NEW YORK.

#### No. 4024.

Circuit Court of Appeals, Fourth Circuit.

June 8, 1936.

Samuel L. Prince and T. Frank Watkins, both of Anderson, S. C. (Watkins & Prince, of Anderson, S. C., on the brief), for appellant.

Thomas Allen, of Anderson, S. C. (Allen & Doyle, of Anderson, S. C., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is an action brought in October, 1933, by the appellant, a citizen of South Carolina, herein referred to as the plaintiff, against the appellee, a New York corporation herein referred to as the defendant, and Sam B. King, as insurance commissioner of the state of South Carolina, J. G. Edwards, Jr., Martha Lane Edwards, as administratrix of the estate of the late J. G. Edwards, Sr., deceased, and Mrs. Mary H. Watson, defendants, in the court of common pleas for Anderson county, S. C. The cause was removed to the District Court of the United States for the Western District of South Carolina on petition of the defendant insurance company. No answer or other pleading was ever filed by, or on behalf of, any of the defendants, other than the appellee.

By stipulation the cause was submitted to the judge of the District Court upon an agreed statement of facts, and, after argument of counsel, both for the plaintiff and the defendant, the court below on the 11th day of January, 1936, entered its opinion and order holding that the complaint should be dismissed and judgment rendered in favor of the defendant insurance company. From which action this appeal was brought.

On February 8, 1936, after the judgment of the court, an order of severance

was entered permitting the plaintiff to prosecute this appeal against the defendant insurance company, alone, without joining the other defendants.

This action was brought seeking to obtain judgment against the defendant as surety upon a $10,000 qualifying bond executed by Public Indemnity Company for the purpose of enabling said company to obtain a license to do business, as an accident insurance company, in the state of South Carolina during the insurance statutory license year of April 1, 1931. For the prior insurance year the Constitution Indemnity Company of Philadelphia had been surety upon a similar bond for Public Indemnity Company, and on May 19, 1932, said Public Indemnity Company filed a new bond with Independence Indemnity Company as surety, which new bond was accepted by the insurance commissioner of the state of South Carolina, and Public Indemnity Company was again licensed for the annual period of one year ending in 1933. These several bonds were in the same sum ($10,000), and were uniform in their provisions. The condition of the bond executed by the defendant is as follows:

"Now therefore, the condition of the above bond is such that it shall continue in full force and effect so long as said principal shall do business in this State, or have outstanding contracts herein, or until another bond is lawfully accepted by the Insurance Commissioner, and that if the above bound principal or surety shall well and truly pay or cause to be paid to the said Sam B. King, Insurance Commissioner of South Carolina, and his successors in office, on demand, the full and just sum of any and all judgments entered up against the said principal in any Court of competent jurisdiction in this State (any such judgment hereby being declared to be a lien upon this bond), during the time the said principal does business in this State, or has outstanding contracts herein, then this bond to be void and of no effect, otherwise to remain of full force and effect."

On July 3, 1931, Public Indemnity Company issued to the plaintiff, John Will Robertson, a policy of insurance in the sum of $15,000, and on July 25, 1931, the plaintiff sustained an injury and suffered a loss within the terms of his policy contract. On January 14, 1932, the plaintiff, Robertson, brought an action in the court of common pleas for Anderson county, S. C., against said Public Indemnity Company for the loss sustained by him under the policy contract. This action was transferred to the District Court of the United States for the Western District of South Carolina, and resulted in a judgment in favor of said Robertson against the said Public Indemnity Company, which was duly entered on February 6, 1933, in the sum of $17,379.50. No part of this judgment has been paid by the Public Indemnity Company, and the record shows that the Independence Indemnity Company, surety on the bond of the Public Indemnity Company for the annual period beginning April 1, 1932, the year in which the judgment against the Public Indemnity Company was obtained, is insolvent.

The sole question presented is whether the defendant's liability, under the bond on which it was surety, is limited to judgments obtained within the license year for which the bond was given, or is to be held to cover liabilities for causes of action arising during that year, upon which judgment is not obtained until after the expiration of the year.

The pertinent statutes of South Carolina, setting forth the conditions and limitations applicable to the business conducted by Public Indemnity Company in that state, are sections 7944, 7945, 7947, 7951, 7961, 7964, 7967, 7969, 7991, 7994, and 8020 of the Code of Laws of South Carolina 1932. Section 7967 provides, among other things, that the bond given to obtain the license, upon which bond the defendant was surety, "shall be conditioned to pay any judgment entered up in any court of competent jurisdiction in this State upon a policy of insurance issued to any citizen of this State by any such company."

The bond sued on, being a statutory bond, must be construed and enforced in the terms of the statute, which terms will be read into it. Kimbrell v. Heffner et al., 163 S.C. 35, 161 S.E. 175, 80 A.L.R. 591. From the agreed stipulation it is clear that the form of the bond which was signed by the defendant as surety was prescribed and required by the insurance commissioner of the state of South Carolina. One of the provisions inserted in the condition of the bond, under this requirement, was that the bond should "continue in full force and effect so long as said principal shall do business in this State, or have outstanding contracts herein, or until another bond is

lawfully accepted by the Insurance Commissioner. * * *" Here another bond had been accepted before the judgment was rendered in favor of the plaintiff. The intention of the Legislature of South Carolina is clearly expressed to the effect that the surety shall pay any judgment that is rendered during the term covered by the bond. Had the Legislature intended the surety .to be bound for any liability incurred during the term of the bond, it could have very easily said so. This it did not do, but required that the surety be bound to pay any judgment rendered. It so happens that the surety during the term when the liability was incurred is solvent. The surety during the term in which the judgment was rendered is insolvent. The conditions might have been reversed, the surety during the term in which the judgment was rendered being solvent and the surety during the term in which the liability was incurred being insolvent. It seems clear that the intention of the Legislature of South Carolina was to hold the surety that was obligated during the term in which the judgment was rendered. It follows that, as defendant was not the surety during this term, it is not liable. As was said by the judge below in his well-considered opinion:

"Had the situation been reversed, and the Metropolitan were now the insolvent company, as, of course, might have happened, the plaintiff would stand to lose if my judgment should now be in favor of the plaintiff's ·present contention. I recognize the principle that these bonds should be liberally construed in `favor of the insured. This, however, would not justify a favorable decision because of the hardship of this individual case, since this would require a correlative hardship if conditions were reversed. * * * The statute, however, must be construed as it is written, and both .by its express terms and its omissions, it appears to me to eliminate the contention that it was intended that the suretyship should cover any other claim than that arising out of a judgment rendered within the license period which the bond covered. * * *"

" * * * It may be, and in the instant case is, unfortunate that the statute did not go further and· provide for the payment of ·claims arising during the license period, which might thereafter be reduced to judgment. As said above, however, unless the liability is expressly made cumulative on the part of the various successive sureties, we are reduced to the alternative of enforcing the liability as and when, and as and when only, the judgments are obtained within the limited period of liability." 15 F.Supp. 329.

In discussing a somewhat similar question, the Supreme Court of South Carolina construed a bond having a like provision .as covering judgments entered during the term of the suretyship. Nofal et al. v. Lincoln Reserve Life Insurance Company et al., 173 S.C. 42, 174 S.E. 652.[1]

■ The legislative intent seems clear from the express language of the statute. In addition to this, a study of the various related sections of the statute would lead to the same construction. State v. Columbia Railway, Gas & Electric Company, 112 S. C. 528, 100 S.E. 355. This also was the construction given the statute by the insurance commissioner, and the rule in South Carolina is that such construction, having been observed and acted upon for some length of time, should not be disregarded or overturned unless clearly erroneous. Read Phosphate Company v. South Carolina Tax Commission et al., 169 S.C. 314, 168 S.E. 722. See, also, Gill et al. v. Board of Com'rs of Wake County, 160 N. C. 176, 76 S.E. 203, 43 L.R.A.(N.S.) 293.

Á discussion of a similar question to the one here involved will be found in the case of American Indemnity Company v. Reed (Ark.) 87 S.W.(2d) 1.

We are of the opinion that the judge below was correct in holding that the defendant was not liable as surety on the bond in question, and the judgment is accordingly affirmed.

---

[1] Since the argument of this case before us, the Supreme Court of South Carolina has again discussed this question in a decision in Boynton et al. v. Consolidated Indemnity & Insurance Co., 185 S.E. 731, decided May 13, 1936.